David Fairbanks v. Margaret Williams, *et al.*

Ejectment; *Taxes; Sale; Notice.* The plaintiff, who claimed a piece of
land under a tax deed, brought an action of ejectment to recover the
same from the defendants, who were in possession, claiming the same
under the original patentee. The defendants denied the plaintiff's
title. The various amounts of the taxes which the plaintiff paid on
said land, with the times of payment, were shown by the evidence and
found by the court. Everything connected with the tax proceedings
seems to have been regular, except that the notice of the sale of the
land did not state where the sale would be made, or that it would be
made at the county treasurer's office as provided by § 81 of the then ex-
isting tax law. (Laws of 1869, p. 238.) The court below, because of
said defect in said notice, found in favor of the defendants, and rendered
judgment in their favor and against the plaintiff for costs. "And there-
upon the plaintiff moved the court to ascertain and declare the amount
that said plaintiff would be entitled to receive for his said taxes paid by
him under and in accordance with the provisions of § 117 of the tax,
law of 1868, (Gen. Stat. of 1868, p. 1057,) as modified in the tax law of
1876, (Laws of 1876, p. 95, § 142; Comp. Laws of 1879, p. 967, § 142,)
and adjudge the same a lien upon said land, which motion the court
overruled, and to which ruling of the court the said plaintiff then and
there excepted." *Held*, Error; the court below should have granted the
motion.

*Error from Miami District Court.*

ACTION in the nature of ejectment brought by *Fairbanks* against *Margaret Williams*, and two others, heirs-at-law of L. D. Williams, to recover the possession of certain real estate. The facts appear in the opinion. Trial by the court, at the October Term, 1877, and findings and judgment for the defendants. The plaintiff brings the case here.

*Gillett & Forde*, for plaintiff in error.
*W. T. Johnston*, and *H. H. Patten*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by the plaintiff in error, who was the plaintiff below, against the defendants in error, who were defendants below, to recover the possession of certain real estate situated in Miami county, Kansas. The answer of the defendants was a general denial of the plaintiff's' title and an admission of possession and a claim of ownership in themselves. The trial was had before the court, without a jury. The plaintiff claimed under a tax deed executed to him by the county clerk of said Miami county, Kansas, on July 27th, 1877, on a tax sale made May 9th, 1872, for taxes levied on the land in 1871. The plaintiff had also paid all the taxes levied on the land for the years 1871 up to 1876, inclusive. The defendants held title by a direct chain from the original patentee; the court below made special findings of fact and of law—finding the foregoing facts, and also finding the separate amounts of the taxes which the plaintiff had paid for each separate year and the times respectively when he paid them, and then held that the plaintiff's tax deed was void, upon the ground that the notice of said tax sale failed to state the place where the sale would be made. The notice was given by the county treasurer, and was sufficient in all respects, except that it did not state the place where the sale would be made, and in this respect it was defective. The

2—24 KAS.

law required that such a notice should state that the sale would be made "at his office," meaning the county treasurer's office. (Sec. 81 of the Tax Law of 1868; Laws of 1869, p. 238.) This was the only law prescribing where the sale should be held. The court below, after making said findings, rendered judgment in favor of the defendants and against the plaintiffs for costs; "and thereupon the plaintiff moved the court to ascertain and declare the amount that said plaintiff would be entitled to receive for his said taxes paid by him under and in accordance with the provisions of § 117 of the tax law of 1868, (Gen. Stat. of 1868, p. 1057,) as modified in the tax law of 1876, (Laws 1876, p. 95, § 142; Comp. Laws 1879, p. 967, § 142,) and adjudge the same a lien upon said land, which motion the court overruled, and to which ruling of the court the said plaintiff then and there excepted." This was the only exception taken in the case. The plaintiff now brings the case to this court for review.

The only question presented in this court for decision is, whether, under the foregoing facts, the plaintiff is entitled to receive back from the defendants any part of the taxes which were paid by him on said lands. The court below held that he was not. We think that he was. The statutes provide that "a lien for all taxes shall attach to the real property subject to the same, on the first day of November in the year in which such tax is levied; and such lien shall continue until such taxes and any penalty, charges and interest which may have accrued thereon, shall be paid by the *owner* of the property, or *other person liable to pay the same.*" (Gen. Stat. of 1868, p. 1044, § 74; Laws of 1876, p. 80, § 85; Comp. Laws of 1879, p. 956, § 85.)

"If the holder of a tax deed, or any one claiming under him by virtue of such tax deed, be defeated in an action, *by* or against him, for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the

full amount of all taxes paid on such lands, with all interests and costs as allowed by law, up to the date of such tax deed, including the costs of such deed, and the recording of the same, with interest on such amount at the rate of twenty per cent. per annum, and the further amount of taxes paid after the date of such deed, and interest thereon at the rate of twenty-five per cent. per annum." (Gen. Stat. 1868, p. 1057, § 117; Laws 1876, p. 95, § 142; Comp. Laws 1879, p. 967, § 142.)

The tax deed in this case was not void, but at most only voidable; the land was taxable, and was taxed; and the owners of the land did not pay the taxes on it, and it was sold for the taxes, and a tax deed was duly executed thereon. Everything seems to have been regular except merely said notice of sale. The owners of the land of course knew that their land was taxable, and that they did not pay the taxes thereon. They omitted to pay their taxes from 1871 to 1876, inclusive. They cannot now be relieved from paying their taxes simply because of said slight defect in said notice.

We think the court below erred in refusing to determine the amount of taxes due on said land, and in refusing to declare the same to be a lien upon the land. Said § 117 (in connection with said § 74) clearly contemplates such a thing, notwithstanding its ambiguity. Said section says, that if the holder of the tax deed "be defeated in an action *by* or against him, for the recovery of the land sold, the successful claimant shall be adjudged to pay the holder of the tax deed" the taxes. The words "before such claimant shall be let into possession" must be held not to apply to a case of this kind, or they must be given a liberal construction. It must not be held, because of said words, that the evident intent of the legislature, as shown by said §§ 117 and 74, must be overturned, or held for naught.

We think that the court below should have granted the plaintiff's motion.

The judgment of the court below, so far as the ruling on said motion is concerned, will be reversed, and cause re-

manded for further proceedings in accordance with this opinion.

All the Justices concurring.