Arn v. Hoppin.

## FERDINAND ARN V. CHRISTOPHER HOPPIN.

TAXES, *Should Have Been Declared a Lien.* Where, in an action to recover real property, a plaintiff claims title under a tax deed executed to him for taxes levied upon land subject to taxation, and the owner has not paid the taxes thereon, and the tax sale is invalid because of non-compliance with the provisions of the statute requiring all sales to be at public auction, and the trial in the action is had before the court without a jury, and the findings are that the tax deed is void, and that the plaintiff has paid a specified amount as taxes on the land, the court in rendering judgment for the successful claimant against the holder of the tax deed should declare the taxes so paid a lien upon the land. (*Fairbanks v. Williams,* 24 Kas. 16; *Dexter v. Cochran,* 17 Kas. 447.)

### *Error from Wyandotte District Court.*

ACTION, brought by *Arn* against *Hoppin,* for the recovery of the possession of a certain lot in the city of Wyandotte. Trial at the April Term, 1880, of the district court, and judgment for the defendant. *Arn* brings the case to this court. The opinion states the facts.

*W. S. Carroll,* for plaintiff in error.

*Nathan Cree,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action for the recovery of the possession of lot 52, in block 113, in the city of Wyandotte, brought by the plaintiff in error against the defendant in error. The plaintiff claimed possession by virtue of a tax deed of the date of September 24, 1878; the defendant rested upon his title

as the original purchaser, and that the tax deed for various reasons was invalid. Trial was had by the court without the intervention of a jury, and the court found that the tax deed was void, and further found that the plaintiff had paid as taxes on the lot the sum of $531.25. Upon these findings judgment was rendered in favor of the defendant and against the plaintiff for all costs. Plaintiff excepted, and brings the case to this court.

It appears from the evidence in the case, that the land was taxable, that the owner had not paid the taxes on it, and that it was sold for the taxes of 1874. Upon the evidence it is apparent that the court was justified, under the decision in the case of *Young v. Rheinecher*, ante, p. 366, in setting aside the tax deed.

The only serious question in the case is, whether the plaintiff is entitled to receive back from the defendant the taxes which were paid by him on the lot, no motion having been made therefor by the plaintiff, and no such relief being asked in the pleadings. This raises the question whether the proper judgment was entered by the court. We have already decided that any error apparent in the final judgment of a district court may be corrected by suit in error in this court, although no exception was taken thereto by the party complaining, and no motion made to set aside the judgment. (*Dexter v. Cochran*, 17 Kas. 447, and the authorities there cited.) Clearly, within the decision of *Fairbanks v. Williams*, 24 Kas. 16, the plaintiff was entitled to a lien upon the lot for the taxes paid under § 142, ch. 107, Comp. Laws 1879, if he had moved the court to ascertain the taxes and declare the same a lien. Now it appears from the record that while the court held the tax deed void, the record shows the land was subject to taxation, and that the taxes had not been paid by the owner; and there is the special finding of the court that the plaintiff had paid as taxes a specific sum, to wit, the amount of $531.25. Upon these findings, and the record as presented to us, it was the duty of the court to declare the taxes found to have been paid by the plaintiff a lien upon the lot.

It is therefore ordered that the judgment of the court below be corrected in accordance with the views herein expressed.

The costs in this court will be divided.

All the Justices concurring.