HENRY E. RUSSELL V. ISAAC HUDSON.

1. TAX DEED, *Void; Tender; Measure of Recovery.* In an action of eject-ment, brought by the holder of a tax deed to recover the possession of certain real estate from the original owner, it was found and held by the court that the tax deed was void; but it was also found that pre-vious to the commencement of the action the owner of the land had tendered to the holder of the tax deed the full amount of all taxes, penalties, charges and interest due on the land at the time of the ten-der, and that the owner of the land had from that time forward kept the tender good. *Held,* That the holder of the tax deed, after being de-feated in his action of ejectment, has a right to recover from the owner of the land only the amount tendered by the owner to him prior to the commencement of the suit, and cannot recover any further interest, penalties or charges accruing on the amount tendered.

2. TAXES, *Duly Adjudged a Lien.* In an action of ejectment, brought by the holder of a tax deed to recover the possession of certain real estate from the original owner, judgment was rendered with respect to the property in favor of the defendant and against the holder of the tax deed; but the holder of the tax deed then made an application to the court to have the amount of the taxes which he had previously paid on the land, together with the interest, penalties and costs due thereon, determined and declared to be a lien upon the land, and for judgment enforcing such lien; and the court found the amount due upon the land for taxes, penal-ties, interest and charges, and declared the same to be a lien upon the land, and ordered that unless that amount should be paid within ten days thereafter, the land, or so much thereof as might be necessary, should be sold, and the proceeds thereof applied to the payment of said amount. *Held,* Not error.

*Error from Wilson District Court.*

EJECTMENT, brought by *Hudson* against *Russell* and others, to recover the possession of certain real estate in Wilson county. Trial at the May Term, 1881, of the district court, and judg-ment for plaintiff. *Russell* brings the case here. The facts are stated in the opinion.

*Hutchings & Denison,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of ejectment, brought by Isaac Hudson against Henry E. Russell and others, for the recovery of certain real estate in Wilson county, Kansas. Judgment was rendered in favor of the plaintiff and against the defendant, Russell, for the recovery of the property; and the defendant, Russell, took the case to the supreme court, where the judgment of the court below was reversed, and the cause remanded for further proceedings. (*Russell v. Hudson,* 24 Kas. 571.) After its return to the district court, judgment was then rendered in favor of the defendant, Russell, and against the plaintiff, so far as the recovery of the land was concerned; but Hudson, who had previously claimed to own the land by virtue of certain tax deeds, then made application to the court to have the amount of taxes which he had previously paid out, together with interest, penalties and costs due thereon, determined and declared to be a lien upon the land, and the lien enforced. Upon this application it was admitted that the amount of taxes, interest, penalties and costs due him would be $628, provided the interest, penalties and costs should be calculated in the usual manner. And it was also admitted that at a previous time, when the whole amount of taxes, penalties, interest and costs amounted to only $275, Russell tendered to Hudson that amount, and had always afterward kept the tender good; and that Hudson had always refused to accept the tender. The court below decided that the tender had no effect in the case, and rendered judgment in favor of Hudson and against Russell for that amount, to wit, $628, and declared it to be a lien upon the land, and ordered that unless that amount should be paid within ten days thereafter, the land, or so much thereof as might be necessary, should be sold, and the proceeds thereof applied to the payment of said amount. No general execution was awarded. To this judgment the defendant, Russell, excepted, and now, as plaintiff in error, brings the case to this court for review.

Under the statutes of Kansas, all taxes upon real property,

with all proper penalties, charges and interest thereon, are liens upon such real property, from the time when they first accrue thereon until they are finally "paid by the *owner* of the property, or *other person liable to pay the same.*" (Comp. Laws of 1879, p. 956, § 85; Gen. Stat. of 1868, p. 1044, § 74.) These liens are not extinguished by any attempt made on the part of some third person to obtain a tax title upon the property; but they still continue to be liens upon the property until the owner, or some person for him, by full payment, discharges the same. These liens may be determined and declared by the district court in an action of ejectment, whether the action is commenced by the party holding the tax deeds, or by the party claiming adversely thereto. (*Fairbanks v. Williams*, 24 Kas. 16; *Arn v. Hoppin*, 25 Kas. 707; Comp. Laws of 1879, p. 967, § 142; Gen. Stat. of 1868, p. 1057, § 117.) Such liens may also be determined and declared in actions to quiet title. (*Knox v. Dunn*, 22 Kas. 683; *Corbin v. Young*, 24 Kas. 198, 202; *Shaw v. Kirkwood*, id. 476; *Cartwright v. McFadden*, id. 662; *McKeen v. Haxtun*, 25 Kas. 698.) These liens are in their nature equitable as well as legal, and therefore we think they should be determined and declared upon equitable principles. All the statutes with reference to the subject would seem to indicate this. Of course they are sometimes determined, declared and enforced in actions of ejectment; but an action of ejectment is in this state an equitable action as well as a legal action, and the action to quiet title is unquestionably an equitable action; and if equitable principles are to govern in determining and declaring these liens, then it would seem that when the owner of the land has tendered the full amount of all the taxes, penalties, interest and charges, due on his land, or that could in any action be recovered from him, and afterward keeps his tender good, he should not be required to pay any further interest, penalties or charges upon the amount which he in fact tendered. Such is the universal effect of a tender in law as well

1. Tax deed, void; tender; [measure of recovery.

as in equity.  At the time when this tender was made, no valid tax deed had yet been executed or issued; and therefore if we should treat the deed as void, as an absolute nullity, as no deed, then, under the statutes of this state, the owner of the land would have the right to redeem the same from all the taxes, interest, penalties and charges due thereon. (Comp. Laws of 1879, p. 963, §127; Gen. Stat. of 1868, p. 1051, §100; *Matthews v. Buckingham,* 22 Kas. 166.) Of course where the tax deed is not void, or where the original owner has no right to treat it as void, a different rule prevails. (*Cartwright v. McFadden,* 24 Kas. 671.)

Where a tender is made after the deed has been issued, each party takes his chances as to whether the deed in the end shall be declared valid or void.  In the present case, it is admitted that the owner of the land, Russell, tendered a sufficient amount to redeem his land, provided a tender was allowable, and that he has at all times kept his tender good. It is true that the statutes provide that the tender should be made to the county treasurer; while in the present case the tender was made directly to the holder of the tax title himself.  But upon equitable principles, we should think that the tender to the holder of the tax title ought to be considered fully as good as though the tender had been made to the county treasurer.  When the tender is made to the county treasurer, it is made to him simply for the use and benefit of the holder of the tax title.  Besides, as we have already intimated, there is no statute providing for a redemption of land from taxes after a valid tax deed has been issued.  Hence it would seem more proper, where a tax deed has already been issued, that the owner of the land should make the tender directly to the holder of the tax deed, than to make it to the county treasurer for him; for while the county treasurer might possibly receive the money, yet he might not wish to do so, and might not wish to issue a certificate of redemption; for if the tax deed were good, the certificate of redemption would be a nullity; but the holder of the tax deed himself would have ample authority not only to receive the

money tendered, but also to release all claim and interest in and to the property, whether the tax deed were good or bad, whether valid or invalid; and if the tax deed were not absolutely void, but only voidable, at the option of the original owner of the land, then it would seem that in equity and good conscience the tender should be made directly to the holder of the tax title; for surely, in all fairness to him, he ought to receive notice when the original owner elects to treat the tax deed as void, and when such original owner takes the first step to avoid the same; and possibly if the tender were made to the county treasurer only, under such circumstances the courts would not be inclined to hold it good. Upon this subject, see the case of *Herzog v. Gregg*, 23 Kas. 726.

Whether any additional taxes have been paid in this case by the holder of the tax deed since the tender was made to him, or not, the record of this case does not show. It tends, however, to show that no such additional taxes have been paid; hence it is not necessary in this case to consider the question whether the holder of the tax deed would be entitled to recover any additional amount of taxes, with interest, penalties and charges thereon, or any portion thereof, provided he had in fact paid such additional taxes since the tender.

The plaintiff in error, Russell, further claims that the court below erred in ordering the property to be sold to satisfy the lien for the taxes, interest, etc., due thereon, claiming that in no case can the property be ordered to be sold in an action of ejectment. We think the plaintiff in error is in error in this particular. Said § 142 of the tax law (Comp. Laws of 1879, p. 967) provides that "If the holder of a tax deed, or any one claiming under him by virtue of such tax deed, be defeated in an action by or against him for the recovery of the lands sold, the successful claimant shall be adjudged to pay the holder of the tax deed, or the party claiming under him by virtue of such deed, . . . the full amount of all taxes paid on such lands, with all interest and costs, as allowed by law, up to the date of said tax deed," etc. This provision of the statute contemplates a judg-

2. Taxes, duly adjudged a lien.

ment of some kind. It says that "the successful claimant shall be *adjudged* to pay the holder of the tax deed," etc. It contemplates action by the court. The court must determine the amount of taxes, penalties, interest and costs due to the holder of the tax deed, and then the court shall *adjudge* the successful claimant to pay the same. Now, may the court render a judgment that the successful claimant (the owner of the land) shall pay the taxes to the holder of the tax deed, and then not be able to enforce such judgment? This view of the law cannot, of course, be entertained. Whenever a court has authority to render a judgment, it must also have the authority, impliedly at least, if not by express provision of the statute, to enforce such judgment. If the holder of the tax deed is in the possession of the land, the judgment is enforced by the holder of the tax deed being allowed to retain the possession until the owner of the land pays all the taxes, interest, etc., due him; but if the holder of the tax deed is not in the possession of the land, then the judgment of the court must be enforced in some other way; and the most direct and proper way and the one attended with the least expense and inconvenience, is to allow the land to be sold to pay such taxes, interest, etc., provided the owner fails or refuses to pay the same. This view of the question is entirely in accordance with the decision made in the case of *Fairbanks v. Williams,* 24 Kas. 16; and it in no manner conflicts with the decision made in the case of *Corbin v. Young,* 24 Kas. 198. The case last cited was an action to quiet title, and not an action of ejectment; and § 142 of the tax law does not apply to actions to quiet title. The case of *Jeffries v. Clark,* 23 Kas. 448, has no application to this case. In that case it was simply held that no general execution could be issued against the owner of the land, or his lands, tenements, goods and chattels, for the purpose of collecting the taxes due to the holder of the tax deed; but that is not this case. No such execution was allowed in this case. In this case it was simply ordered by the court that the land itself, the land upon which the lien for the taxes, interest, etc., existed, should be sold to satisfy and discharge

such lien. Of course Hudson has no right to a general execution against Russell, nor has he any right to collect the taxes, interest, etc., due him, from any source, or by any procedure (provided Russell refuses to pay them), except by the sale of the land itself, upon which the lien exists. We think this mode of collecting the taxes, etc., is fairly authorized by the statutes; and it is right. It avoids a multiplicity of suits, and saves costs.

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.