84 569
103 352
104 510
84 569
49a 322
84 569
67a 461
84 569
135 594

WHITE v. SHELL *et al., Appellants.*

1. **Revenue Law:** TAX DEED : STATUTE. The revenue law of 1872 (W. S. 1872, p. 1204. sec. 214), which provides that the holder of a tax deed, who has been defeated in ejectment, shall have, except in the cases enumerated in the statute, a special judgment against the land sought to be recovered for the full amount of the taxes paid

by him, contemplates cases where no title passed to the purchaser, because of the failure of the officers to comply with the law governing such sales for taxes.

2. ———: ———: ———. The policy of the law in such cases is to secure to the purchaser a lien for the taxes paid.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Ira Hall* for appellants.

(1) There is no law or evidence to support the judgment. No valid sale of the land was shown. Revenue Law 1873, secs. 193-5, 217, 219; *Abbott v. Lindenbower*, 42 Mo. 163; *Ewart v. Davis*, 76 Mo. 129; Cooley on Taxation, 322, 323, 324. (2) The certificate of purchase was not competent by itself to prove a sale. Besides, by the statute, it was a nullity; for more than four years had elapsed since the alleged sale and plaintiff did not "take out" the deed authorized by section 217 of the revenue law of 1872. See secs. 208, 220, pp. 125, 130. The deed authorized must recite a sale of the land for the satisfaction of a judgment rendered against it for delinquent taxes, which the deed introduced did not do. So defendant's declaration number seven should have been given. *Williams v. McLanahan*, 67 Mo. 499; Blackwell's Tax Titles, cited in opinion. (3) The tax deed was improperly admitted in evidence. It showed no sale of the land, consequently was evidence of nothing as against defendants or the land in question. The deed must correspond in every essential particular with that prescribed by section 217, p. 128, laws 1872, in order to have any validity. (4) The delinquent tax receipts read in evidence were evidence only that plaintiff had paid so much money to the collector. They were not evidence that the land was delinquent for taxes. The collector's books, or his "land delinquent list," returned

according to law would be the only competent evidence
of that. Revenue Law, 1872, secs. 134–6.  (5)  Even if
plaintiff's claim for taxes were valid, it is barred by the
statute of limitations, more than five years having elapsed
since his alleged last payment.  (6)  Defendant was an
innocent purchaser in any light.  Although he may have
seen the deed of record in 1881, when he purchased, it
being void as to the land in not showing a sale of it, it
was no notice of any claim against it.  (7)  Were plain-
tiff's claim otherwise free from objection he has been
guilty of inexcusable laches in waiting for more than five
years, and until after plaintiff had purchased it, before
asserting a claim.  His claim is stale.  *Bliss v. Pritchard*,
67 Mo. 181 : 1 Pomeroy's Equity, secs. 418–19.  (8)  De-
fendant's declarations of law refused should have been
given and judgment rendered for defendants.

*Macfarlane & Trimble* and *S. M. Edwards* for re-
spondent.

(1)  The statute (sec. 219, page 1206, Wag. Stat.) is
remedial, and should receive an equitable construction.
Cooley on Taxation, 371, 374, and authorities cited.
(2)  A recovery under section 219 does not depend upon
a valid deed, or proceedings which would make a sale
valid, but depends exclusively on payment of taxes, re-
ceiving a deed purporting to convey title, and being de-
feated in the suit.  *Lindsay v. Fay*, 25 Wis. 462.
(3)  Defendant could only interpose these defences :
first, that the land was not subject to taxation ; second,
that the taxes were paid before the sale ; third, that the
land had been redeemed.  Sec. 219, *supra*.  (4)  The
judgment was in exact conformity to section 192.  The
list of land upon which judgment was rendered, would
not appear upon the general record of the county court.
The judgment was pronounced upon the list filed by the
collector under section 190.  After judgment, the judg-
ment with "the list," was copied in a special judgment

book, as provided by section 190. The judgment and sale were regular. (5) The payment of subsequent taxes was not voluntary. Section 210, page 1203, Wagner's Statutes, required it.

BLACK, J.—This was an action of ejectment for one hundred and sixty acres of land in Audrain county. The action was commenced on April 17, 1882. Final judgment was rendered for defendants October 18, 1882. The plaintiff's title was a collector's tax deed. At the same term at which judgment was rendered plaintiff filed his motion for judgment for the taxes paid by him at the tax sale and for the two succeeding years, which was sustained, and the amount thereof, with interest, etc., made a lien on the land, from which defendants appealed. The evidence on this motion shows a judgment of the county court made on the 20th of July, 1874, upon the delinquent list for 1873 ; a certificate of a sale made by the collector on October 5, 1874, which certificate is dated October 6, 1874 ; and a collector's tax deed, dated December 16, 1876, acknowledged and recorded July 27, 1877. General objections were made to the introduction of the certificate and tax deed, but for anything pointed out they are in substantial compliance with the statute. The tax judgment was entered up, as we understand the record, in the general records of the court, without any description of the property, upon this production of the delinquent list, which is identified by the judgment, whereas the statute contemplates that the judgment will be entered up on the delinquent list, so as to become a part thereof.

Section 219, p. 1206, Wagner's Statutes, after declaring that the tax deed shall be *prima facie* evidence that every act and thing required to be done by the act had been done, provides: "And if the holder of the tax deed * * * be defeated in an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay such party claiming under the

White v. Shell.

tax deed, except in cases where the land was not subject to taxation, or the taxes for which the same was sold were paid before the sale, or it has been redeemed according to law, the full amount of all taxes paid by the tax purchaser on such lands at the time of the purchase, and all subsequent taxes paid by him; * * * which judgment shall be a lien upon the real estate in controversy, and may be enforced by execution as in other cases of judgments and decrees of such court."

The defendants contend that the judgment is fatally defective, and because of this, and that the tax deed did not convey the title, there can be no recovery of these taxes paid out; in short, the proceeding must be regular to entitle claimant to the relief granted in this case. This line of argument at once sets at defiance and nullifies the statute above quoted; for if the proceedings are regular, the tax purchaser will get the title, and he could not rightfully be defeated in any action by or against him to recover the property. The statute contemplates that cases will arise where for failure of the officers to comply with the law, no title will pass by the sale. The policy of the law is in such cases, to secure to the purchaser a lien for the taxes paid. No claim is made that this property was not subject to taxation, or that the taxes have been paid by the owner, or that they were unjust. Statutes like that under consideration are found in the laws of many of the states. They stand upon grounds of broad equity, are remedial. The owner of the property cannot rightfully complain if he is thus required to discharge his share of the public burdens, though the sale be invalid. Cooley on Taxation, 374; *Coonradt v. Myers*, 31 Kas. 30; *Arm v. Hoppin*, 25 Kas. 707; 28 Kas. 99, 414.

The judgment of the circuit court is affirmed. All concur.