LETITIA W. TRUESDELL v. WILLIAM M. PECK.
### No. 56.

1. FINDINGS BY COURT, *not Disturbed*.   Where a case is tried by the district court without the intervention of a jury, and the court makes special findings of fact, such findings are as conclusive in this court as the verdict of a jury.   And where there is testimony clearly establishing the facts and sustaining the findings, this court will not reverse the findings.

2. PUBLIC PRINTING—*Delinquent Tax-list—Void Tax Deed*.   A county cannot legally collect for the publication of the delinquent tax-list a sum in excess of the actual amount paid therefor, and a tax deed founded upon a sale on which an excess charge for publication is included may be declared void.

3. PRACTICE, COURTS OF APPEALS—*Questions for Review*.   Where a question is raised for the first time in this court, it will always be looked upon with great disfavor; only such questions as have been raised and decided by the trial court will be reviewed by this court in a proceeding in error.

MEMORANDUM.—Error from Cloud district court; F. W. STURGES, judge.   Action of ejectment by Letitia W. Truesdell against William M. Peck.   Judgment for defendant.   Plaintiff brings the case to this

court. Affirmed. Opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

This was an action brought in the district court of Cloud county, Kansas, by plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover the possession of certain real estate situated in the city of Concordia, Cloud county, Kansas, under and by virtue of a tax deed thereto. The real estate in controversy, to wit, lots 22, 23, and 24, in block 154, was subject to taxation for the year 1883. Henry Kelsey, then the owner, having failed to pay the taxes so assessed against him, the lots were sold at a tax sale begun and held on the first Tuesday in September, 1884, being the 2d day of September, 1884, and continuing on the next succeeding days, and certificates of purchase were issued to one J. C. Elliott, and dated September 2, 1884; that is, two certificates were issued for the three lots, one including lots 22 and 23, and one for lot 24. On the 25th of February, 1886, the then owners, Henry Kelsey and wife, mortgaged this property to the Cloud County Bank. On the 2d of September, 1887, Elliott assigned the tax-sale certificates to the plaintiff in error. On the 9th of November, 1887, the mortgage heretofore mentioned having been foreclosed, judgment was rendered in favor of the bank. On the 10th of May, 1888, order of sale was issued, upon which, and on the 11th of June, 1888, the land was sold to William M. Peck. This sale was confirmed, and upon the 11th of August, 1888, the sheriff of Cloud county made a deed to William M. Peck, he being the purchaser at the said sale. On September 3, 1887, the plaintiff in error took out and

recorded a tax deed to said property, and upon the same day the then mortgagee, the Cloud County Bank, offered to redeem the property from the tax sale, and tendered to the treasurer of Cloud county the proper amount.    On June 11, 1888, the plaintiff, believing her tax deed first taken out to be void, obtained another tax deed and had it recorded.    On the 11th of June, 1890, she commenced this action by filing her petition and precipe for summons; the summons, however, was not issued nor served until the 12th day of June.    To the petition filed in this case, the defendant filed an answer of general denial, and also setting up the statute of limitations as to the commencement of the action within the time prescribed by law.    Upon the issues so joined, trial was had by the court, which made special findings of fact and separate conclusions of law.    Each and every one of the findings of fact was in favor of the defendant, and the conclusions of law were also in favor of the defendant, except with reference to the bar of the statute of limitations, and judgment was rendered thereon against the plaintiff and in favor of the defendant for costs.    Plaintiff filed motion for judgment upon the special findings and motion for new trial, which were overruled.    Plaintiff excepted thereto, and brings the case here for review.

L. J. Crans, for plaintiff in error.

Kennett, Peck & Matson, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: The findings of fact made by the trial court in this case are all sustained by the testimony.    The conclusions of law are founded thereon and supported thereby.    The decision in this case,

therefore, will not be disturbed; and, from a careful examination of the record, we perceive no error therein. The court adjudged the tax deed invalid for several reasons — among others, that the mortgagee had the right to redeem on the 3d day of September, 1887, the date that the first tax deed was issued, and that there were excessive sums included in the amount for which the land was sold. The final redemption notice in this case stated that the time allowed by law for the redemption of lands sold for delinquent taxes of 1883, at the sale begun and held on the first Tuesday in September, being the 2d day of September, 1884, and continued on the next succeeding days, would expire on the 3d day of September, 1887, being three years from the date first above mentioned. The court found that the mortgagee offered to redeem and tendered the proper amount of money for the redemption of these lots on the 3d day of September, 1887, and, as a conclusion of law, found that the defendant had the right to redeem at that date. We think this is correct. (*English v. Williamson*, 34 Kan. 212; *Cable v. Coats*, 36 id. 191.)

As to the excessive amounts included, while they are small, yet the record discloses that they were intentionally added and were illegal charges. There is no claim made that they occurred by an error in calculation, or were occasioned by making and copying figures, or by carrying out the various amounts, but, on the contrary, they had existed in the sale record, in the certificates of sale, and were carried out into the deeds. One of these items is evidently for the issuing of a sale certificate which was never issued. Two of these lots were assessed and sold together, and but one tax-sale certificate was issued therefor. Yet

the court found, and the testimony clearly shows, that a charge was made in this instance for a certificate issued for each lot. The county paid for advertising the delinquent tax-list, the year in which these were advertised, the sum of 2 cents for each town lot. In the case of lot 24, the court found that there was also an excess charged of 2 cents. This the trial court evidently found was a double charge for advertising, and we think the testimony upholds this conclusion. A county cannot legally collect a sum in excess of the actual costs it pays or is liable for, and a tax deed founded upon a sale including such an excess will be adjudged invalid and set aside, if challenged before the running of the statute of limitations. The excess being something for which the treasurer had no right to sell the land, whatever may be the rule where a trifling mistake may have occccurred, we think the weight of authorities is to the effect that where it is plainly the purpose of the officer to include illegal sums within the amount for which the land is sold for taxes, and the sale includes such illegal sums, such circumstances render the sale void.

The plaintiff in error, however, contends that it was the duty of the court to ascertain the amount paid by her, with the interest and costs, and to award a recovery therefor. Of this we think she has no right to complain. She did not ask the court below so to do in her pleadings, or by motion, and the question is raised for the first time in this court by her brief.

Where a question is raised for the first time in this court, it will always be looked upon with great disfavor. Only such questions as have been raised and decided by the trial court will be reviewed by this court in a proceeding in error. (*Byington v. Comm'rs of Saline Co.*, 37 Kan. 654.)

The judgment in this case will be affirmed.
All the Judges concurring.