## S. T. POWELL v. G. L. FINN.
### No. 106.

TAX DEED—*held void, grantee has lien for taxes paid.* The holder of a tax deed who is defeated in an action against him because of irregularities in the tax proceedings, has a right to recover from the successful claimant the full amount of all taxes paid on such land, with interest and costs as allowed by law; and when such amount is found by the court to have been paid, it should be adjudged a lien upon the land.

Error from Graham District Court. Hon. Charles W. Smith, Judge. Opinion filed January 4, 1897. *Affirmed.*

This action was begun, June 15, 1893, by the plaintiff in error as plaintiff below, to quiet his title to a

certain tract of land, as against the claim of the defendant grounded upon a tax deed and upon the payment under it of certain taxes levied against the land. The defendant appeared and filed a general denial. On February 15, 1894, the court below struck the defendant's general denial from the files, as filed out of time, and rendered judgment in favor of the plaintiff. Fifteen days after the rendition of this judgment, the defendant was given, on motion, time to set up any lien he might have by reason of the payment of any taxes; and this he subsequently did, setting out his tax deed and claim for taxes paid thereunder. On September 15, 1894, defendant's motion to set aside the judgment rendered in the action more than seven months before, was filed, and later heard and partially sustained. Upon a trial, a second judgment was rendered, the court finding, among other things, that defendant's tax deed was filed for record November 28, 1890 — more than two years before the commencement of the action; that the defendant had never been in possession of the land; that the tax deed was void for irregularities in the tax proceedings leading up to its issuance; that the plaintiff owned, and was entitled to the possession of, the land; and that the defendant had a lien on the land for the taxes which he had paid. The land was ordered sold, the proceeds to be applied to the payment of costs and of the defendant's lien, the balance to be turned over to the plaintiff. The plaintiff brings the case to this court, assigning as errors the disregard by the court below of the judgment first rendered in the action, and the awarding to the defendant of a lien upon the land for the taxes he had paid.

*S. N. Hawkes*, for plaintiff in error.

*H. J. Harwi*, for defendant in error.

GILKESON, P. J.   The questions raised by the plaintiff in error in his brief are very numerous.   Most of them, however, are questions of practice, and as to these latter we will say that the court erred in setting aside any part or portion of the decision and judgment first rendered in this case, as the objections to it were not properly presented under the requirements of the Code, or, if they were, were clearly out of time ; but we do not think that the plaintiff below was prejudiced thereby, as the error did not affect the judgment finally rendered — that which could and should have been rendered, even if the court had refused to set aside any of the proceedings.   Besides, some of the gross irregularities occurring upon the trial of this case were assented to, or at least submitted to, without exceptions being taken at the time.   The question of the Statute of Limitations was not raised in the court below.   The tax deed was attacked for irregularities, and, as the court held it void, the plaintiff obtained all he asked and cannot complain.

The next proposition presented is, that it was error for the court to allow the defendant a lien for any taxes.   This contention cannot be sustained.   We think this case falls within the spirit and letter of paragraph 6996, General Statutes of 1889, as amended by section 6, chapter 110, Laws of 1893.   Under this paragraph the court should have adjudicated the claim for taxes.   The record shows that it was adjudicated by consent ; at least, issue was joined thereon and a hearing had without objection.   This having been done, it was proper under the testimony to allow the amount of the claim, and it became a lien upon the premises.   We think this view is fully sustained by our Supreme Court in *Russell v. Hudson*, 28 Kan.

32—5 KAN. APP.

99 ; *Coonradt v. Myers*, 31 id. 30 ; *Belz v. Bird*, 31 id. 139 ; *Bird v. Belz*, 33 id. 391 ; *Jackson v. Challiss*, 41 id. 247.

The judgment of the court below will be affirmed.