W. B. CANINE AND LOUISA C. CANINE v. GEORGE W. FINNUP.

No. 145.

HOMESTEAD — *not exempt from lien for taxes.* Where real estate occupied as a homestead has been sold for taxes and a tax deed issued, and the holder thereof asserts his title by ejectment and his tax deed is declared void, he may have judgment for the lawful amount due, have the same declared a lien, and have the real estate sold to satisfy the same.

Error from Finney District Court. Hon. A. J. Abbott, Judge. Opinion filed May 20, 1897. *Affirmed.*

CANINE v. FINNUP.                    799

May 20, 1897.        Opinion.  Schoonover, J.            W. Div.

*B. W. Lemert*, for plaintiffs in error.

*H. F. Mason*, for defendant in error.

SCHOONOVER, J.   This is an action in ejectment, commenced by the defendant in error, claiming title by tax deed, against plaintiffs in error, to recover certain real property in Garden City, Finney County, Kansas.  The case was tried by the court without a jury, and the court made special findings of fact and conclusions of law.  The court decided that the plaintiff was not entitled to recover the possession of real property, but that he was entitled to a lien for the amount of taxes, lawful charges and interest.

We think no error was committed in overruling the demurrer to the petition, or in overruling defendant's objection to the introduction of testimony.

The tax deed of plaintiff below having been declared void, did the court err in adjudging the amount due him for taxes, interest, penalties and costs, to be a lien upon the land, and in ordering it to be sold to satisfy the lien when it was owned and occupied by plaintiffs in error as their homestead?

While our Constitution provides that the homestead shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, it also provides that "no property shall be exempt from sale for taxes."   A homestead may be taxed as other real estate, and the laws applicable to the taxation of real estate generally apply to the homestead.

A lien for all taxes attaches to real estate on the first day of November, in the year in which such taxes are levied, and such lien continues until discharged by the owner of the property, or other person liable to pay the same.  ¶ 6934, Gen. Stat. 1889.

800      CANINE v. FINNUP.

S. Dept.      Opinion.   Schoonover, J.      5 Kan. App.

If not paid, the homestead may be sold as other real estate, to satisfy the taxes, penalty, charges and interest which may have accrued. And if not redeemed within three years from the day of sale a tax deed is executed to the purchaser, his heirs and assigns, which shall vest in the grantee an absolute estate in fee simple in the real estate — the homestead — thus sold. ¶ 6991, Gen. Stat. 1889.

A citizen of this State must pay the taxes lawfully assessed against his homestead, or, by due process of law, an absolute estate in fee simple therein, by tax deed, will pass to the person who will; and the holder of the tax deed may maintain an action in ejectment to recover the land.

Should he fail in his action, our statutes (¶ 6996, Gen. Stat. 1889) provide:

"If the holder of a tax deed, or any one claiming under him by virtue of such tax deed, be defeated in an action by or against him for the recovery of land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and costs as allowed by law up to the date of said tax deed, including the costs of such deed and the recording of the same, with interest on such amount at the rate of twenty per cent. per annum, and the further amount of taxes paid after the date of such deed, and interest thereon at the rate of twenty per cent. per annum."

This paragraph and paragraph 6991 were considered by the Legislature at the same time; they are a part of the same act. The intention of the law is "that the land shall be responsible for the tax." While this section does not in express terms say that the holder of a tax deed, plaintiff or defendant, when defeated in an action in ejectment, shall have a lien on the land,

it does provide that before the successful claimant shall be let into possession he must pay the full amount due.

Our Supreme Court, in giving force to this section, has declared the amount due to be a lien, and the court may order the land sold to satisfy the same. *Russell v. Hudson*, 28 Kan. 99 ; *Arn v. Hoppin*, 27 id. 707.

It is contended by plaintiff in error that, while the homestead may be sold for taxes and a tax deed issue which shall vest in the grantee an absolute estate in fee simple, yet, when he asserts his title by ejectment and his tax deed is declared void, he may have judgment for the amount legally due him, but the court trying the case has no authority to declare the same a lien on the homestead, for the reason that under the Constitution the homestead is exempt from forced sale under any process of law, and cannot be alienated without the joint consent of husband and wife.   This is not correct.

That the home of a citizen may be protected, that he may be protected, that the homestead may be protected, a revenue is necessary, and for this purpose the Constitution has provided that no property shall be exempt from sale for taxes ; this includes the homestead, and the laws relating to the sale of real estate for taxes apply with equal force to real estate occupied as a homstead.

Our Supreme Court having declared that in ejectment under paragraph 6996, General Statutes of 1889, the amount found due the holder of a void tax deed shall be a lien on the real estate sold, we conclude that real estate occupied as a homestead is subject to the same law and is not exempt.

The judgment is affirmed.