# NORTHERN DEPARTMENT.
## CENTRAL DIVISION.

### WILLIAM M. PECK v. LETITIA W. TRUESDELL.

#### No. 258.

1. VOID TAX DEED—*Lien for Taxes Paid—Pendency of Appeal.* Where the holder of a tax deed brought suit in the district court of the county in which the land was situated to recover possession thereof, and at the trial his deed was declared void, and said case was then taken by him to the court of appeals upon proceedings in error to reverse the judgment of the court below, but said court affirmed the same, *held,* that it was not error for the trial court, at the first term after said judgment had been affirmed, to adjudge the repayment of the taxes, interest, and costs, as provided in paragraph 6996, General Statutes of 1889.

2. —————— *Computation of Interest.* It was error in such a case to tax interest on the amount of taxes paid at the rate of twenty per cent. per annum to the date of said order. After the rendition of the judgment declaring the tax deed void, interest should have been computed on the amount then due at the rate of six per cent. per annum.

Error from Cloud district court; F. W. STURGES, judge. Opinion filed January 10, 1898. Affirmed.

*Kennett & Peck,* for plaintiff in error.

*L. J. Crans,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : This was an action in the district court of Cloud county, brought by the defendant in error to recover certain real estate upon which she held tax deeds. A trial was had at the January term, 1891, at which the court found for the defendant, to which the

plaintiff excepted and brought the case to this court of appeals on a petition in error. This court affirmed the judgment of the court below, February 14, 1896, in *Truesdell v. Peck*, 2 Kan. App. 533. A mandate was filed in the court below at the next term of said court. The plaintiff, on April 18, 1896, filed a motion for a judgment in her favor for the amount of the taxes paid by her upon and under her tax deed and it is this branch of the case that is now before us.

The principal question in this case is, Can a district court, more than five years after it has rendered a judgment setting aside a tax deed, but at the first term of the said court after its judgment has been affirmed by the court of appeals which had been asked to reverse it, upon a motion of the defeated party under paragraph 6996, General Statutes of 1889, adjudge the successful claimant to pay the holder of the tax deed the taxes paid on the land, with interest and costs, as provided in said section? It was not error for the court to fail to do so at the time the judgment was rendered, as there was no demand or request for it.

Under the authorities of *Fairbanks v. Williams*, 24 Kan. 16, and subsequent decisions of our supreme court, it must be held that the action of the court was proper, unless rendered otherwise by the lapse of time. The right to recover the taxes paid is a liability created by statute and unless there is something to take it out of the statute of limitations the right would be barred after three years.

1. Court may order repayment of taxes.

Does the fact that the original case involving the validity of the tax deeds was pending in the court of appeals on proceedings in error prevent the statute from running?

In *Kothman v. Skaggs*, 29 Kan. 5, it is said it is "universally recognized that statutes of limitation do not run against any claim or demand during any portion of the time while a suit is pending for the enforcement of such claim or demand." And it seems that it would naturally follow as a corollary, that where a suit is pending to reverse a judgment declaring a tax deed void the statute would not run against the claim for taxes.

The supreme court of the United States has held that proceedings in error are a continuation of the original suit and not a new one. (*Nations et al. v. Johnson et al.*, 24 How. 195; *Cohens v. Virginia*, 6 Wheat. 410; *Clarke v. Matthewson*, 12 Pet. 164.)

The holder of a tax deed cannot be required to waive his right to test the validity of his title in the courts of last resort in order to entitle him to take advantage of paragraph 6996 of the General Statutes of 1889, as would be the case if the theory of the plaintiff in error is correct.

The next contention is that the court erred in taxing interest at twenty per cent. on the taxes paid up to the day judgment was rendered thereon. We think this was error. Interest should have been computed at twenty per cent. to the time the tax deed was declared void, and from that time the amount due would only draw interest at six per cent. per annum.

2. Judgment draws six per cent. interest.

We are now for the first time met with the contention that the original action was not begun in time, and consequently no recovery can be had for taxes. We think this comes too late. After this matter has been waived, and the defendant has recovered judgment on the pleadings and evidence in the court below, he is estopped from pleading the statute of limitations in the original case.

The judgment of the district court will be modified by computing interest as above indicated, and, as thus modified, will be affirmed, and the costs in this court divided equally between the parties.

MAHAN, P. J. : I have grave doubts of the authority of the district court to add to its judgment at the time and under the circumstances as it was done, measuring that authority by the rule of law announced in the decisions of courts in such cases, but the result reached is so eminently just that I am constrained to yield an acquiescence.