No. 9721.

## STEPHENSON, EXECUTOR, *v.* MARTIN.

TAXES.—*Enforcement of Lien.—Executor.—Capacity to Sue.—Parties.—Heir.*—
The remedy given by section 6497, R. S. 1881, to enforce a lien for taxes
paid, where the sale of lands for taxes proves to be invalid, is, on the
death of the purchaser, given to his heirs, and not to his personal rep-
resentatives, and to a complaint by the latter a demurrer for want of
facts should be sustained.

From the Washington Circuit Court.

*S. B. Voyles* and *H. Morris,* for appellant.

*A. B. Collins,* for appellee.

BLACK, C.—The appellant, Eli B. Stephenson, executor of
the last will and testament of Simpson Stephenson, deceased,
sued the appellee.

A demurrer to the answer was carried back and sustained
to the complaint, and we are required by the assignment of
errors to determine whether the complaint was good, and if
so, whether the answer was sufficient.

The complaint alleged, at length, the sale, in 1869, of cer-
tain land in Washington county, owned and occupied by one
David Sullivan, for delinquent taxes, and the purchase thereof
at such sale by appellant's testator, the assessment of the land
for the taxes for the non-payment of which it was so sold, its
liability to taxation at the date of such assessment, the deliv-
ery to said purchaser of a certificate of sale, the failure to re-
deem or to repay the purchase-money, the surrender in 1874
of the certificate, and the execution of a deed of conveyance
of said land to said purchaser by the county auditor. The de-
scription of the land in said deed was stated, it being an in-
sufficient description. The original deed was made an exhibit.
The invalidity of said sale and conveyance was alleged because
of the insufficient description of the land in the deed, and the
failure of the treasurer to demand or search for personal
property of said Sullivan, who had ample personal property

subject to be levied upon and sold, and because the auditor "in taking the lands and sum off of the duplicate and transferring the same to delinquent list, did not note the reason for a failure to collect, and the auditor omitted several certificates touching said lands and the delinquency thereof, which it was his duty to make in the premises." It was alleged that the said purchaser never obtained possession of said land or any part thereof; that after said sale he paid other accrued and accruing taxes on said land for six years, amounting to a sum stated; that he died testate in 1880, and appellant was duly appointed and was acting as executor; that in 1875 said Sullivan executed a deed of conveyance of said land to appellee, and the latter was still the owner thereof, subject to the lien of the several sums so paid by appellant's testator. Prayer for judgment for a sum stated against appellee, and for the enforcement of said lien and the sale of said land.

This is a sufficient statement of the contents of the complaint for the decision of the questions discussed by counsel.

The remedy for purchasers at invalid tax sales or holders of invalid tax deeds is wholly statutory. *Flinn* v. *Parsons*, 60 Ind. 573, 576. See *Semans* v. *Harvey*, 52 Ind. 331.

This suit was commenced after the taking effect of the act of March 29th, 1881, concerning taxation (Acts 1881, p. 611), and is governed by the provisions of that statute. *Flinn* v. *Parsons, supra;* sections 228 and 258 of said act of 1881. It is claimed that the suit was maintainable under the provisions of sections 219 and 228 of said act.

At the outset, the question arises whether such an action as this might have been maintained by the grantee in said deed in his lifetime, it being an action wherein the plaintiff in his complaint admits and points out the invalidity of the conveyance, and seeks not to quiet his title or to obtain possession of the land, but to recover money and enforce a lien upon the land therefor. If the grantee could not have maintained the action, it would follow that his executor could not do so.

But if the action could have been maintained by the grantee, it does not necessarily follow that it may be maintained by his executor, for we must look to the statute, both to ascertain whether the right exists to maintain such a suit, and, also, if it does exist, to whom the right is given.

It is as much in the power of the Legislature to give the grantee in an invalid tax deed a right to recover the amount expended by him for such conveyance through an order for the sale of the land for the payment of such claim in an action brought professedly for such purpose, as to give such a a grantee a right to obtain, in an action brought professedly for the purpose of quieting his title, a decree for the sale of the land for his reimbursement.

Said section 219 provides that "If any conveyance for taxes shall prove to be invalid and ineffectual to convey title because the description is insufficient, or for any other cause than the first two enumerated in the preceding section" (said two causes being non-liability of the land to taxation at the time of its being listed, and, if liable, the payment of the taxes before sale), "the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest, and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof."

By section 227, provision is made whereby any person, holding any deed of lands or lots executed by the county auditor for the non-payment of taxes, may commence a suit to quiet his title thereto without taking possession of the lands; and it is provided that "if, upon the hearing of such cause, it shall appear that the complainant's title was invalid for any cause, such suit shall not be dismissed by the court, but the court, in cases where the tax was due and unpaid, shall ascertain the amount due to the complainant, for principal and interest, to be computed at ten per cent. per annum, and shall

decree the payment thereof within a reasonable time by the owner of such land, and in default thereof shall direct that such land or lot be sold therefor," etc.

The portion of said section 228 applicable to this case is as follows : " If any conveyance made by the county auditor, pursuant to a sale made for the non-payment of taxes, under this or any former tax law, shall prove to be invalid and ineffectual to convey title for any other cause than such as are enumerated in the section immediately preceding the last section" (which excepted causes are different from those stated in the complaint in this action), " the lien which the State had on such land for State, county, township and all lawful purposes, shall remain in full force, and shall be transferred by such deed to the grantee, and vested in him, his heirs and assigns, who shall be entitled to recover from the owner of such lands, the amount of such legal taxes, together with all lawful charges, with interest at eight per cent. per annum, from the date of such sale, and also the amount of all subsequent taxes paid, with like interest, and such claim shall be a lien upon such lands, and the same shall be bound for the payment thereof."

It seems plain that this provision of section 228 does not relate to actions brought to quiet title. The difference in the rate of interest allowable is alone sufficient to distinguish this provision as having reference to a different proceeding.

Said sections 219 and 228, after providing that the lien which the State had on the lands shall be transferred to and vested in the grantee in the invalid tax deed, his heirs and assigns, then give to the person or persons so entitled a right of action against the owner of the lands, in language which, standing alone in other sections of said act, confers rights of action for the recovery of personal judgments (see sections 183, 205 and 206), such language being then followed by a provision that the plaintiff's claim shall be a lien upon the lands, and that they shall be bound for the payment thereof.

It is not necessary in this case to decide whether or not an

action would lie for a mere recovery against the owner personally. What we hold is that an action will lie on behalf of the grantee in a tax deed invalid and ineffectual, as indicated in these sections, his heirs or assigns, against the owner of the land, professedly for the purpose of ascertaining the amount due such person or persons in the premises, and to have such claim declared a lien and to cause the land to be sold for the payment of such claim; that is, that the complaint in this case is good, if the plaintiff is included among those who, by the terms of said sections, "shall be entitled to recover."

It is urged by appellant's counsel that the suit is really brought for the recovery of money due the testator in his lifetime, and that, therefore, it may be brought by his personal representative.

But the suit is for the recovery of money with the enforcement of a lien therefor upon the land, and the right to maintain it is given by the statute, and does not exist without the statute; and if the appellant may sue, his right to recover must be found in a reasonable construction of the statute.

It is not claimed that the appellant has a right to maintain the suit by virtue of any special provision of the will to that effect. Does the word "assigns," as used in said sections 219 and 228, include the executor of the grantee?

There are two classes of assignees, viz.: assignees in fact and assignees in law; and the latter class includes an executor or administrator.

Bouvier says that the word "assigns" is now seldom used, except in the phrase in deeds, "heirs, administrators and assigns."

By section 195 of said act, the mode of assignment of the auditor's certificate of sale is prescribed.

Section 197 provides for the redemption of the land by payment to the county treasurer, " for the use of the purchaser, his heirs, or assigns," and provides that " in case the party purchasing the land, or his assigns, fails to take a tax deed for

Stephenson, Executor, *v.* Martin.

the land so purchased within six months after the expiration of the two years, no interest shall be charged or collected from the redemptioner after that time." ·

Section 221 provides that "In all cases of sale of lands for taxes, if the purchaser or his assigns shall die before a deed shall be executed on such sale, the deed may be executed by the auditor to and in the name of the deceased person, if such deceased person, being still alive, would be entitled to a deed, or to his heirs at law or devisees; which deed shall vest the title in the heirs or devisees of such deceased person, * * (or the executor or administrator may assign the certificate of purchase, and the deed may issue to the assignee thereof)."

Thus the right is not given to the executor or administrator to take a tax deed; yet it is given by said section 197 and other sections to the "assigns" of the purchaser.

Section 210 provides for the execution of the tax deed to "the purchaser, his heirs, or assigns."

Section 211 gives the form of the deed—to the legal holder of the certificate, "his heirs and assigns forever."

Section 217 provides that when the county auditor shall discover, prior to the conveyance, that the sale was invalid, he shall not convey; "but the purchase-money and the interest money thereon, shall be refunded out of the county treasury to the purchaser, his representatives or assigns," etc.

By section 230 a right of action is given in certain cases against the treasurer to "the party damaged by such sale, or his legal representatives."

When the tax deed has been executed, the right to commence an action to quiet title is given to the holder of the deed, which would be the person to whom it was executed, his heirs or assigns. If the deed conferred a valid title, the executor would not be a proper party to bring the action to quiet the title. If it was invalid and ineffectual to convey title, an action professedly to quiet title should be brought by the same person that could bring the action if the deed were valid and effectual.

The deed made by the auditor to appellant's testator, in

1874, purported to convey the land to him, his heirs and assigns forever, as the statute then in force directed (1 R. S. 1876, p. 123, section 224), and as is provided by the statute of 1881, as above mentioned. If the deed had conveyed a valid title, and it had not been assigned by the grantee in his lifetime, it would have gone to his heirs. The conveyance having proved to be invalid and ineffectual to convey title, for causes specified in the complaint, the statute transferred the lien of the State upon the land and the right to recover to the same persons that would have had the land if the deed had been valid and effectual to pass title. 1 R. S. 1876, p. 124, section 229, and p. 129, section 256; Acts of 1881, p. 682, section 219, and p. 685, section 228.

If the conveyance had been valid and effectual, the heirs, and not the executor, would have been entitled to possession of the deed. See *Wilson* v. *Rybolt*, 17 Ind. 391. The deed being ineffectual to pass title to the land, the executor still had no right to hold it, but it would belong to the heirs as if it were valid and effectual, and the heirs alone could have brought an action professedly to quiet the title.

The comparison of the language of sections 219 and 228 with the provisions of other sections of the same statute, passed at the same time, which we have quoted, together with the consideration of the usual signification of the words used in said sections 219 and 228, leads us to the belief that it was not the intention of the Legislature to confer the right to bring such a suit as this upon the executor or administrator of the grantee.

When the tax deed has been executed to the purchaser, the action against the owner of the land to recover the amount to which the holder is entitled, and to obtain a sale of the land, is to be brought by the grantee, his heirs or assigns, the same persons that could bring an action to quiet title, and the statute does not confer such authority upon the executor or administrator of the grantee.

It is claimed by appellant, that, as the demurrer to the answer could only test the sufficiency of the facts stated in the complaint, the right of the executor to sue was not properly questioned, and he cites as authority *Kelley* v. *Love*, 35 Ind. 106, where it was held that the right of the plaintiff, an executor, to sue could not be questioned except by a sworn answer. Reference was there had to the provisions of the statute, 2 G. & H. 527, section 152, that in any suit which the next preceding section gave an executor or administrator power to maintain, it should not be necessary for him to make profert of his letters, and that his right to sue as such executor or administrator should not be questioned unless there was a sworn answer denying such right; it being also provided by said section 152, that, if such right were so disputed, a copy of the letters issued to such executor or administrator, duly authenticated, should be all the evidence necessary to establish such right.

In the case so cited, it may be remarked the court did, under a demurrer to the complaint for want of sufficient facts, enquire whether it stated facts sufficient to constitute a cause of action in the executor.

It is well settled that if the complaint fail to show a right in the plaintiff, or in any one of several plaintiffs uniting therein, to recover of the defendant, this is a different objection from that of want of legal capacity to sue or of a defect of parties plaintiffs, and a general demurrer will lie. *Berkshire* v. *Shultz*, 25 Ind. 523; *Debolt* v. *Carter*, 31 Ind. 355.

Under the circumstances shown it is not necessary to examine the answer.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of the appellant.