ELIZA THOMAS v. DAVID COLLINS.

*Tax-sales—Conflicting statutes.*

1. A sale under section 70 of the General Tax Law (1 How. Stat., p. 1285) for taxes which accrued before the passage of such law, is invalid, because (1) the title of the Act—"to provide for the assessment of property and levy and collection of taxes thereon"—relates to future proceedings only; and (2) the subsequent Act (No. 11 of 1882) which repeals former laws relating to taxation, leaves them in force for the sale of lands for taxes already levied.

2. A statute cannot be modified or superseded by one of earlier date, or perhaps by one of the same date which precedes it in the authorized publication of the laws.

3. The constitutional provision that the provisions of an act must be covered by its title was mainly to protect the Legislature from passing laws not fully understood.

Error to Newaygo.　(Fuller, J.)　June 10.—Sept. 29.

EJECTMENT.　Defendant brings error.　Reversed.

*E. L. Gray* and *Geo. Luton* for appellant.

*William D. Fuller* for appellee.

CAMPBELL, J.　In this case plaintiff recovered below upon an Auditor General's deed purporting to be made under the Tax Law of 1882, for taxes returned under the laws previously existing for the year 1881. Testimony was introduced to show that of these taxes the highway tax was not returned delinquent by the highway officers, although included in the sale, and also that a bridge-loan tax was unauthorized by law, as not legally voted by the township. The court below refused to allow the tax deed to be assailed for those or any other causes, although it was admitted on the trial that valid objections existed if they could be shown, and ordered judgment for plaintiff.

This Court was equally divided upon the constitutionality of the Tax Law of 1882, authorizing proceedings on the

equity side of the circuit courts to procure a sale. But the members of the Court who gave their opinion in favor of the statute expressed no opinion upon the conclusiveness of the title so given. This is the first case which has distinctly presented that question upon a trial in ejectment on such a deed.

But it is claimed by defendant that the sale itself is not so far covered by the law of 1882 as to give it the benefit of such presumptions. And while I adhere to my opinion that the tax law is invalid as to all the proceedings connected with the sale, yet even if that law were held good the other questions do not necessarily depend upon how that point is decided, if that statute is inapplicable to the tax returns of 1881.

Section 70 of the General Tax Law of 1882 does attempt to provide in terms that for such taxes sales shall be made under the new law. But it is insisted that this section fails to cover them—*first*, because not within the title of the act; and *second*, because the old law was by another statute, supplementary but approved on the same day, kept in force as to old taxes.

The General Law (Act 9 of 1882) is entitled " An Act to provide for the assessment of property and the levy and collection of taxes thereon." This law is not either so drawn or so entitled as to indicate that it was meant to operate as a compilation or revision of the body of tax laws. Except in section 70 it contains no reference to existing laws, and does not by name or allusion modify or repeal them. Its provisions, with that exception, are prospective. Act number 7 covers the subject of the sale of State tax lands, by amendment of a law of 1881, and Act number 11 is an omnibus repealing act, including in its repeal all of the former general tax legislation, as well as several other statutes on similar subjects. This repeal, however, was not absolute, but qualified. The repealing clause declares that those laws " be, and the same all are hereby repealed, so far as relates to the future assessment of taxes, and the steps to collect the same. They remain in force only for the completion of all

proceedings heretofore begun for the collection of taxes, except as otherwise provided by law, and for the protection of all rights gained thereunder, and conveyance of all land heretofore sold or that may hereafter be sold, and all actions commenced and now pending under the provisions thereof."

The title of Act number 9 in its ordinary meaning would not suggest to any one that it was intended to provide for any taxes not thereafter assessed, or that it was designed in any way to interfere with existing cases. The law of 1869, with a precisely similar title, was held in *Clark v. Hall* 19 Mich. 356, and in *Smith v. Auditor General* 20 Mich. 398, to be entirely prospective in operation, and in the latter case the title was considerably discussed. That statute made no material change in the methods or conditions of sale, so that the present question was not involved, but it made important changes in regard to other rights of land-owners, which were held not within the title, and not therefore covered by the legal effect of the act. In the present case the language does cover the sale, but if the title and the rest of the act refer to the future only, this would not save it, because the Constitution itself invalidates all that is not fairly indicated by the title.

But we are not left to this alone. Act number 11 is by its title as well as its language made applicable to existing taxes, and the extent of the repeal must depend upon its terms. Whether treated as a subsequent statute,—as perhaps it should be, because not passed till afterwards by the Legislature,—or as a contemporaneous one, it cannot be supposed that the provisions of Act number 9 can invalidate any portion of it. If section 70 is in force, then so much of Act 11 as refers to future sales becomes entirely nugatory. There is no principle which can give to an earlier statute such an effect over one passed after the Legislature adopted it. By its express terms Act 11 repeals the old laws "so far as relates to the future assessment of taxes and the steps to collect the same." It continues them in force for the protection of all rights accruing, the completion of proceedings begun for collection, and expressly for the "conveyance of land heretofore sold, or

that may hereafter be sold." If section 70 applies, no land could thereafter be sold under the old law at all.

The changes made are radical, not only as to the time and manner of sale, but as to the notice, and the right of redemption, and the power of the Auditor General to give relief. That such revolutionary changes should be looked for under a title which apparently had no bearing on them, would be beyond the ordinary rules of construction. That the Legislature had attention called to section 70 by the title, and yet immediately, with a comprehension of that fact, passed another law on a different theory, cannot be reconciled with probability. The main purpose of the constitutional clause invalidating so much of every statute as is not included within the title was to protect the Legislature from passing laws not fully understood. The insertion of section 70, and the passage of Act 11 as supplementary to the statute containing it, can only be regarded as showing inadvertence somewhere.

I think the sale for taxes of 1881 was not within the legitimate purview of the provisions of Act 9 as contained in its title, and that the sale was unauthorized. If it could be made under that law, I have on other occasions given my reasons why it is invalid for other reasons. But I think it is not covered by that statute.

The judgment should be reversed and a new trial granted.

SHERWOOD and CHAMPLIN, JJ. concurred.