TIMOTHY NESTER v. WILLIAM C. BUSCH.[1]

*Taxes—Lien of grantee where deed held invalid—Lien under deed issued pursuant to law of 1882—Constitutional law—Title of act.*

1. The remedy provided by How. Stat. § 1167, for the recovery of taxes where a tax deed is held invalid, cannot be invoked by the grantee until after the rendition of a judgment against him for the recovery of the land. *Weimer v. Porter*, 42 Mich. 569; *Ellsworth v. Freeman*, 43 Id. 488.

So *held*, where the holder of a tax deed issued on a sale for the taxes of 1881 under the 1882 tax law filed a bill to recover the taxes paid, on the ground that, the law of 1882 having been held unconstitutional, further adjudication as to the validity of his deed was unnecessary before filing such bill.

2. Section 118, of Act No. 153, laws of 1885, which provides that any tax deed issued pursuant to a decree made under the general tax law of 1882 should transfer to the grantee the lien of the State on the land for the consideration expressed in the deed, and converts such deed into a mortgage for such amount, with the right on the part of the grantee to foreclose it at any time within two years from June 9, 1885, is not fairly within the title of the act, its provisions not coming naturally or legitimately under the head of the assessment, levying, and collection of taxes in the future, and is therefore void, being in violation of article 4, § 20, of the Constitution.

Appeal from Marquette. (Grant, J.) Argued January 14, 1887. Decided February 3, 1887.

Bill filed under section 118, Act No. 153, Laws of 1885, to foreclose a lien in favor of the grantee in a tax deed. Decree below overruling demurrer reversed, and bill dismissed. The facts are stated in the opinion.

*F. O. Clark,* for complainant.

*Ball & Hanscom,* for defendant.

MORSE, J. The complainant filed his bill in the circuit court for the county of Marquette, in chancery, to foreclose

---

[1] See *Ball v. Busch*, 64 Mich. 336.

or enforce a lien upon certain land of the defendant by virtue of a deed from the Auditor General for the taxes of 1881, the land being sold for taxes, and the conveyance executed, under the provisions of the tax law of 1882.

The bill alleges that on the fifth day of May, 1884, he purchased from the State of Michigan a certain description of land; that the deed was executed by the Auditor General to him by virtue of a sale, under the direction of said officer, and under section 63 of Act No. 9 of the Laws of 1882, for the unpaid taxes duly assessed upon said land for the year 1881; that the consideration of the deed paid by him was $14.70, the amount of the tax so assessed and levied.

Before 1881, the defendant, Busch, or the parties from whom he obtained his title, purchased said land from the United States, and obtained a patent therefor. Said defendant was the owner of the premises at the time the tax was levied, and when the sale took place at which complainant purchased.

Complainant's deed, thus obtained, is void and ineffectual to convey title, because a sale under said section 63 of said Act No. 9 of the Laws of 1882 for the taxes for the year 1881 has been so declared in this Court in the case of *Thomas v. Collins,* 58 Mich. 64. But the taxes were legally assessed and levied, and, though the deed is void as a conveyance, yet by virtue of section 1167 of Howell's Statutes said tax remains a lawful lien upon the land, and the complainant, having paid the State the amount of the tax, and received the deed, has become the assignee of said lien, and entitled to enforce the same as against the said land, together with the lawful charges in the assessing and collecting of said tax, and with interest at the rate of 25 per cent. from the date of such sale.

Complainant further alleges that, by virtue of Act No. 153 of the Laws of 1885, said lien of the State upon said land was transferred to him, and by virtue of said act he is

entitled to a lien upon the said land for the amount of said tax, and interest upon the same, so paid to the State.

Complainant further states that said sale of the land, so made to him, was by virtue of a decree of the circuit court in chancery, in pursuance of the provisions of the tax law of 1882; and he waives any claim of title in fee to such land under his said deed of May 5, 1884, except as he may acquire by purchase under any sale made of such land under the decree of the court in this action, or in an action to enforce said lien.

He therefore prays that he may be decreed to be entitled to a lien upon the land for the taxes and legal expenses at the time of obtaining said deed, together with interest at 25 per cent. from May 5, 1884; and that the defendant be decreed to pay him such amount, together with his costs; and that, in default of such payment, the land may be sold to satisfy such amount and costs; and for such other and further relief as equity may require in the premises.

The defendant interposed a general demurrer.

The cause was heard upon bill and demurrer, and the court below rendered a decree for complainant in accordance with the prayer of the bill, from which decree the defendant appeals to this Court.

We do not think that this bill can be maintained. We cannot extend the statute beyond its terms. Granting the premises, that complainant's tax deed is void by reason of the defect pointed out in *Thomas v. Collins,* and that, the taxes being lawfully assessed and levied, he has acquired a lien, as claimed, upon the premises, it does not necessarily follow that he is entitled to the relief asked. The remedy, as prescribed by the statute cited in his bill (How. Stat. § 1167), does not authorize the prosecution or litigation of his claim or lien, acquired under and by virtue of the statute, until the rendition of a judgment against him for the recovery of the land. This was distinctly held in *Weimer*

*v. Porter,* 42 Mich. 569, and *Ellsworth v. Freeman,* 43 Id.
488.

The counsel for complainant contends that if it appears
by any other means, conclusively, that the tax deed is not
good, it is not necessary to institute ejectment in order to be
entitled to file a bill to enforce the lien, as that would be
doing a useless thing, which courts never require. But it is
to be remembered that the lien of the complainant, if he has
any, is purely a statutory lien, and the same section which
creates the lien also fixes the remedy, and directs when it
shall be enforced. The courts have no power to enlarge
this statute.

We do not deem it necessary to determine whether or not
the complainant has a lien upon the land, or to decide
whether the remedy sought to be enforced, under section
1167, was destroyed by the repeal of the tax law of 1869 by
Act No. 11 of the Laws of 1882.[1]

The complainant contends that, under section 118 of Act
153 of the Laws of 1885, he can maintain his bill, as that
section provides that the lien of the State on the land shall,
by any tax deed issued by virtue of the decree of any circuit
court in chancery in pursuance of the tax law of 1882, be
transferred to the grantee therein, and that any person
claiming title under or by such tax deed may, at his option,
within two years after the act takes effect, treat the title so
acquired by him as such lien on said land for the amount of
the consideration expressed in such deed, and enforce the
same by a suit in chancery, upon his stating in his bill,
among other things, that he waives any claim of title in fee
to such land. He claims the bill conforms with the require-
ments of this statute.

We must hold, in accordance with former decisions of this
Court, that the provisions of said section 118, relied upon by

---

[1] See *Goodman v. Nester, post,* 662.

complainant, are not fairly within the title of the act of 1885. The title reads as follows:

"An act to provide for the assessment of property, and the levy and collection of taxes thereon."

The tax law of 1869, with a precisely similar title, was held in *Clark v. Hall*, 19 Mich. 356, and *Smith v. Auditor General*, 20 Id. 398, to be entirely prospective, and that such title indicated that it was passed to regulate the assessment, levy, and collection of taxes for the future; and in *Thomas v. Collins*, 58 Mich. 64, the act of 1882, with precisely the same title, was held also to be prospective, and that a sale under said act, of lands for the taxes of 1881, was not authorized. Section 70 of that act, which provided for the sale of lands assessed or returned as delinquent for non-payment of taxes thereon, was in effect declared invalid. It was held that the sale therein provided was not within the legitimate province of the provision of the act as contained in its title.

The enforcement of a lien upon lands for taxes assessed previous to the passage of the act, by a sale of the lands as in case of a mortgage, and giving such a lien a preference over all other liens except liens held by the State, does not come naturally or legitimately under the head of the assessment, levying, and collection of taxes in the future. Therefore such provision is unconstitutional, being in violation of section 20, art. 4, of the Constitution.

The decree of the court below is therefore reversed, and a decree will be entered in this Court sustaining the demurrer of the defendant, and dismissing complainant's bill, with the costs of both courts against him.

The other Justices concurred.