JAMES B. GOODMAN v. TIMOTHY NESTER.

*Taxes—Bill to quiet title—Repeal of 1869 law—Ejectment—Parties.*

1. The tax law of 1869 (Act No. 169, Laws of 1869) was repealed by Act No. 11, Laws of 1882, in so far as it related to the future assessment of taxes, and the collection thereof. It remained in force *only* for the completion of proceedings taken thereunder before such repeal for such collection, and for the protection of all rights acquired thereunder, and the conveyance of land before or thereafter to be sold, and all actions then commenced and pending.[1]

2. A bill filed under How. Stat. § 1168, to quiet title to lands acquired under a tax deed after the repeal of said section by Act No. 11, Laws of 1882 (see head-note 1), cannot be maintained.

3. The record of a deed, which appears by the records in the office of the register of deeds to be the end of a direct chain of title from the government, is a sufficient assertion of title to warrant an action of ejectment against the grantee, under How. Stat. § 7791, when no one is in the actual occupancy of the land. *Hoyt v. Southard*, 58 Mich. 432, 434.

Appeal from Marquette. (Grant, J.) Argued January 14, 1887. Decided February 3, 1887.

Bill filed to quiet title to land held under tax deed. Decree dismissing bill on general demurrer affirmed. The facts are stated in the opinion.

*F. O. Clark*, for complainant.

*Ball & Hanscom*, for defendant.

MORSE, J. This is a bill filed to quiet title to lands under a tax deed, under the provisions of section 1168 of Howell's Compilation, being section 166 of the tax law of 1869.

The substantial facts averred by the bill are these: March 12, 1883, the Auditor General executed a tax deed of the premises to one Marvin A. Farr. This deed was made by

---

[1] See note to *Ball v. Busch*, 64 Mich. 337.

virtue of Act No. 229 of the Laws of 1881, the lands having been sold to the State for the back and unpaid taxes for the years 1873 to 1880, inclusive, which taxes were regularly assessed and levied upon said lands.

The deed was recorded in the proper office, April 9, 1883. Complainant is the holder of this title.

The records show that the United States patented this land to George L. Hutchinson before the year 1873, who quitclaimed his title to Norman McLeod. McLeod subsequently quitclaimed all his title and interest in the premises to defendant, in whom the title now appears by said records in the office of the register of deeds of Marquette county. Hutchinson and his grantees paid no taxes upon said premises down to the year 1885, for which year some person unknown to complainant paid the taxes. Complainant paid the taxes from 1880 until 1885.

Neither the complainant nor the defendant is in actual possession or occupation of the land, the same being wild and uncultivated. The complainant is unable to learn whether the defendant now claims or asserts any title to the said property, but claims that the deeds evidencing the original title constitute a cloud upon his title.

The defendant demurred generally, which demurrer was sustained by the court below. The complainant declining to amend his bill, the same was dismissed, with costs.

The complainant cannot maintain his bill under section 1168. The act of 1869 was repealed by Act No. 11 of the Laws of 1882, so far as it related to the future assessments of taxes, and the steps to collect the same. The act remained in force only for the completion of proceedings before that time begun for the collection of taxes, and for the protection of all rights gained thereunder, and conveyance of land before sold, or to be thereafter sold, and all actions then commenced and pending. The act took effect March 14, 1882.

The act of 1882 contained no provision similar to the one embodied in section 1168, and the act of 1885 contains no provision of that character.

The complainant had no rights under this section 1168 at the time of its repeal. The tax deed under which he claims was not executed until March 12, 1883,—a year lacking two days after the repeal of the section under which he seeks to file his bill. The section cannot now be considered alive as far as his alleged title is concerned.

Independently of this statute, being out of possession, he cannot proceed in equity for the purposes sought in his bill.[1]

We think, further, that he. can bring ejectment. The record of a deed, which deed appears by the records in the register's office to be the end of a direct chain of title from the government, is a sufficient assertion of title to warrant an action of ejectment, under our statute, against the grantee in such deed, when no person is in actual occupancy of the land. *Hoyt v. Southard*, 58 Mich. 432, 434.

The decree below is affirmed.

The other Justices concurred.

[1]See *Supervisors v. Grand Rapids*, 61 Mich. 173 (note), for amendment of 1887 (Act No. 260), authorizing such proceedings by party *out* of possession.