WATTS S. HUMPHREY AND JAMES M. TURNER v. WILLIAM C. STEVENS, AUDITOR GENERAL, ET AL.

*Taxes—Assessment for 1884—Validating act of 1887.*

Act No. 17, Laws of 1887, is held to apply to the collection of taxes assessed for the year 1884 under the 1882 tax law, and to authorize such collection under the provisions of Act No. 153, Laws of 1885.[1]

Appeal from Cheboygan. (Ramsdell, J.) Argued April 11, 1888. Decided May 18, 1888.

Bill to restrain the collection of taxes. Defendants appeal. Decree reversed and bill dismissed. The facts are stated in the opinion.

*Oscar Adams* (*Humphrey & Perkins,* of counsel), for complainants.

*Alvin W. Barry* (*E. S. Pratt,* of counsel), for defendants.

[The questions involved have been so thoroughly settled by the decisions of the Court that a summary of the briefs of counsel is omitted.—REPORTER.]

SHERWOOD, C. J. The bill in this cause was filed on September 28, 1886, for the purpose of restraining the county treasurer and Auditor General from selling the lands of the complainants, therein described for the taxes assessed against them in 1884. The lands were situate within the defendant township.

---

[1] See note to *Ball v. Busch,* 64 Mich. 337, for a summary of the tax legislation of 1882 and subsequent years, and the rulings of the Court thereon.

The bill was taken as confessed against the Auditor Gen. eral and the county treasurer. The defendant township appeared and answered. No proofs were taken on either side. The case was heard on the pleadings, before Judge Ramsdell, in the Cheboygan circuit, who rendered a decree for the complainants, and the defendant township appealed.

It appears from the record that all the material allegations of fact contained in the complainants' bill are admitted, except those relating to fraudulent over-assessment and valuation of complainants' lands, and, as to such exceptions, the defendants claim the benefit of a demurrer on the ground that complainants have an adequate remedy at law. Of course the complainants' conclusions of law contained in the bill are not admitted, but on the contrary most strenuously controverted. It therefore becomes of first importance to know just what facts stand in the case for our consideration as admitted. They are:

1. That the complainants own the land in fee, the assessments of which are complained of, and have so owned them for more than five years before the commencement of this suit.

2. That the supervisor of the township of Ellis did make the assessment of the complainants' property lying in that township as charged in the bill for the year 1884, and assessed against each description that year taxes for State, county, township, school, highway, bridge, and poor taxes, and extended the same upon the roll for that year, attached his warrant thereto, and delivered the same to the township treasurer for collection.

3. That said taxes were levied against complainants' land for that year, and were so levied without any authority of law whatever.

4. That the taxes thus assessed and contained in the roll for payment for the year 1884 were not paid, but the lands against which they appeared were returned to the county treasurer by the township treasurer as delinquent; and that said lands were subsequently returned by the county treasurer (they not having been redeemed) to the Auditor General of the State, and that he has ordered

them to be sold by the county treasurer as delinquent for the said unpaid taxes for the year 1884.

5. That the lands, in pursuance of such direction given by the Auditor General, were advertised to be sold on October 5, 1886, and that the county treasurer will sell the same at that time unless restrained by injunction.

6. That the aforesaid proceedings constitute a cloud upon the title of complainants' property.

7. That the taxes were assessed against said lands under the law of 1882, which provided for the mode of collecting taxes, and the manner of subjecting lands to sale liable for delinquent taxes; that said law of 1882 has been repealed since the assessment and levy of said taxes, and said sale is now ordered made by the Auditor General under the law of 1885, and complainants are thereby deprived of any opportunity to appear in court under the law of 1882, and file objections and exceptions to such assessments and taxes, and have a hearing thereon, and that no provision has been made for a hearing which can be made available to complainants; and thus without an opportunity to be heard the defendants Auditor General and county treasurer assume to have the right and intend to sell and dispose of complainants' lands.

8. That there is no legal authority to sell the land of complainants for the taxes, interest,and expenses for which they are advertised; that the law of 1882, and that of 1885, under which it is claimed the sale of complainants' property is proposed to be made, are unconstitutional, and give no authority for the exercise of the powers assumed by the defendants, and which is likely to result in the further clouding of the title to complainants' land.

The foregoing contains the facts admitted by the answer, together with the legal conclusions of the complainants resulting therefrom.

No legal sale could be made of the lands in question by virtue of the law under which the assessment was made. The law of 1885 was prospective in its operation, and no legal sale could be made thereunder for the taxes in question, and this is the law under which the defendants were proceeding to sell when the bill in this case was filed. Under these circumstances complainants were manifestly entitled to have

the proceedings taken by the defendants enjoined when they filed their bill of complaint.

Neither the law of 1882 nor the law of 1885 enabled the defendants to collect the taxes assessed against the complainants' lands.

This Court, however, has never held that the provisions of the law of 1882 providing for the assessment of lands in this State were unconstitutional, but on the contrary they have always treated those provisions as constitutional, and there is no disposition now to regard them differently, whatever may be the individual opinion of any member of the Court upon the subject. *Thomas v. Collins*, 58 Mich. 64 (24 N. W. Rep. 553); *Nester v. Busch*, 64 Id. 657 (31 N. W. Rep. 572); *Goodman v. Nester*, Id. 662 (31 N. W. Rep. 575).

In the case of *Davenport v. Aud. Gen., ante*, 192, it is said:

"We must hold that portion of the law of 1882 providing for the assessment of property, and review of the same, constitutional. This part of the law did not differ in principle or substantially from previous tax laws in this State."

Understanding this to be the law as settled, counsel for defendants claim that the statute of 1887, passed since this case was commenced, applies to the assessment of the complainants' lands, and allows the collection of the taxes in question to be made under the law of 1885. The law of 1887 is as follows:

"An Act to make valid the collection of taxes and sales of property under assessments made prior to the passage of Act No. 153 of the Session Laws of 1885, entitled, 'An act to provide for the assessment of property, and the levy and collection of taxes thereon,'approved June 9, 1885.

"SECTION 1. *The People of the State of Michigan enact*, That where taxes have been assessed prior to the passage of Act No. 153 of the Session Laws of 1885, entitled, 'An act to provide for the assessment of property, and the levy and collection of taxes thereon,' approved June 9, 1885, and are uncollected, and no sale has been had, all proceedings for

the collection of such taxes and for the sale of property, where necessary, may be had in accordance with the provisions of such Act No. 153 of the Session Laws of 1885 ; and such proceedings for the collection and for the sale and conveyance of property shall be in all respects as valid, and have the same presumptions in their favor, as if such taxes had been assessed under said Act No. 153.

"SEC. 2. When sales have been heretofore had for such taxes, under the provisions of said Act No. 153, such sales and all subsequent proceedings and conveyances are hereby declared as valid, and entitled to the same presumptions in their favor, as if such taxes had been assessed under said Act No. 153."

The present case was on argument in the circuit court the day this statute took effect. We are all of the opinion it applies to the collection of the taxes in question, and that the proceedings may be taken under the law of 1885 to make the collection. The complainants had an opportunity to appear before the board on review day and make such objections as they wished and have any proper corrections made. The taxes assessed were allowed to become a lien against complainants' lands, and they have so continued ever since; but for the want of proper legislation their collection could not be enforced until the law of 1887 took effect. It follows that all proceedings taken for that purpose were illegal, and must be taken *de novo,* if collection is enforced. This the learned circuit judge by injunction prevented the defendants from doing.

The decree must therefore be reversed, and the complainants' bill dismissed, without costs.

CHAMPLIN, MORSE, and LONG, JJ., concurred.