LOUIS A. HALL ET AL. v. ROBERT D. PERRY.

*Taxes—Law of 1885—Sale for taxes of 1882 and 1883—Validating act of 1887—Constitutional law.*

1. The tax law of 1885 was prospective only in its operation, and a sale of land under its provisions for the taxes of 1882 and 1883. is absolutely void.[1]

2. Section 2 of Act No. 17, Laws of 1887, which attempts to validate sales made under the tax law of 1885 for taxes assessed prior to the passage of the act, is unconstitutional.

3. It is competent for the Legislature, by a retrospective statute, to cure defects in legal (tax) proceedings where they are in their nature irregularities only, and do not extend to matters of jurisdiction, unless expressly forbidden so to do; but the proposition that the Legislature can make good that which was void when done, is utterly at variance with the fundamental principles of law.[2]

Error to Marquette. (Grant, J.) Submitted on briefs May 1, 1888. Decided November 1, 1888.

Ejectment. Defendant brings error. Affirmed. The-facts are stated in the opinion.

*F. O. Clark,* for appellant.

*Ball & Hanscom,* for plaintiffs.

LONG, J. This is an action of ejectment, brought by the plaintiffs against the defendant, in the circuit court. for Marquette county, and, under the charge of the court, verdict and judgment were entered for plaintiffs. Defendant brings the case into this Court by writ of error.

The facts are all agreed upon, and are as follows:

[1] This head-note should have appeared in the report of *Humphrey· v. Auditor General,* 70 Mich. 292.

[2] See note to *Ball v. Busch,* 64 Mich. 337, for a summary of the· tax legislation of 1882 and subsequent years, and the rulings of the· Court thereon.

The plaintiffs now hold the original title to the land in question in this case by virtue of patents procured by their grantors. The defendant holds tax deeds covering the land in question for the taxes of 1882 and 1883, for taxes duly assessed thereon under the provisions of the tax law of 1882, and which said lands were sold under the provisions of the tax law of 1885,—all of which proceedings, assessing the tax and levying the same, and the sale of the property under such assessment and levy, were in accordance with the provisions, as to the assessment and levy of the tax, of the tax law of 1882, and as to the sale of the same in accordance with the provisions of the tax law of 1885, and in due form, as directed by such statutes.

The defendant has tax deeds duly executed by the Auditor General of the State of Michigan, based upon such assessment, levy, and sales for taxes of the land in question, under the statutes above mentioned. Plaintiffs claim title and right to the possession of said land by virtue of the original patents from the United States, and defendant claims the same through the tax deeds from the State, as above mentioned. Neither party is in actual possession. The record then states the following:

"It is the intention of the parties to this cause, so far as this case is concerned, to concede the regularity of the proceedings under the tax law of 1882 for the assessing and levying of the tax in question; but it is claimed by counsel for plaintiffs that, though the assessment and levy of the tax was in accordance with the law of 1882, and the sale was made under the tax law of 1885, it was void."

Upon the introduction of evidence, as above stated, defendant's counsel requested the court to charge the jury to return a verdict for the defendant, which request was refused, and upon such refusal the defendant assigns error.

The court charged the jury as follows:

"The plaintiffs in this case are the owners in fee of the land described in the declaration by patent from the general government. They failed to pay their taxes for the years 1882 and 1883. Their lands were returned delinquent, and sold for non-payment of taxes under the laws of 1885, and were bid in by the defendant, and a deed issued by the State to the defendant for the taxes of those two years.

"The law of 1885 repealed the law of 1882, and the law of 1885 provided that sales for delinquent taxes for the previous years should be made under the law of 1885. The law of 1885, which provides for the sale for taxes of previous years, has been declared by the Supreme Court of this State unconstitutional and void.

"The Legislature have, during the present session, passed a law, and given it immediate effect, declaring sales under the law of 1885 for those previous years valid. This in my judgment is clearly beyond the power of the Legislature. The sale was absolutely void, and it is not in the power of the Legislature to declare a title to real estate valid which was, under the law when made, void. You will therefore find a verdict for the plaintiffs."

The questions involved in this case were fully settled in *Humphrey v. Auditor General*, 70 Mich. 292 (33 N. W. Rep. 214), in an opinion by Chief Justice SHERWOOD, in which it was held that—

"Neither the law of 1882 nor the law of 1885 enabled the defendants to collect the taxes assessed."

It was also said in the case above cited that this Court has never held that the provisions of the law of 1882 providing for the assessment of lands in this State were unconstitutional, but, on the contrary, they have always treated those provisions as constitutional; and citing *Thomas v. Collins*, 58 Mich. 64 (24 N. W. Rep. 553); *Nester v. Busch*, 64 Id. 657 (31 N. W. Rep. 572); *Goodman v. Nester*, Id. 662 (31 N. W. Rep. 575).

And in *Davenport v. Auditor General*, 70 Id. 192 (38 N. W. Rep. 211), it was said:

"We must hold that portion of the law of 1882 pro-

viding for the assessment of property, and review of the same, constitutional."

In the present case the assessments were made under the law of 1882, and the sale made under the law of 1885. The sale so made was absolutely void. The law of 1885 was prospective in its operation only, and no legal sale could be made thereunder for the taxes in question.

Some claim is made in the brief of defendant's counsel, though not very strenuously urged, that the sale was validated by the act of 1887. Act No. 17, Laws of 1887.

In *Humphrey v. Auditor General*, 70 Mich. 292, a bill was filed in September, 1886, for the purpose of restraining the county treasurer and Auditor General from selling lands delinquent for the taxes of 1884. Counsel for defendant in that case claimed that the statute of 1887, passed after that suit was commenced, allowed the collection of taxes in question to be, made under the act of 1885. This Court held that the collection could not be enforced until the act of 1887 took effect; that all proceedings taken for that purpose were illegal; and that they must be taken *de novo*, if collection was to be enforced.

In the present case the sales were made in October, 1885, and the redemption expired September 30, 1886, before the passage of the act of 1887. That is, it is claimed that assessments made in 1882 and 1883, under the law of 1882, and sales made under the law of 1885, which was prospective in its operation only, could be validated by an act of the Legislature passed subsequent to the time of the sale; and, though the sale might be absolutely void, yet by subsequent legislation could be made legal.

The Legislature possess no such power. It is true that

.a retrospective statute, curing defects. in legal proceedings where they are in their nature irregularities only, and do not extend to matters. of jurisdiction, is not void on con-.stitutional grounds, unless expressly forbidden; but the proposition that the Legislature can make good that which was void when done, is utterly at variance with the fundamental principles of the law. When such a statute undertakes to take away vested rights to make good a conveyance which the grantor totally lacks the power to make, it is impossible to sustain it. *Shonk v. Brown*, 61 Penn. St. 327.

The circuit court was right in its rulings, and properly directed a verdict for the·plaintiffs. The judgment of the court below is affirmed, with costs.

. The other Justices concurred.