ROBERT T. McNAUGHTON v. SAMUEL MARTIN.

*Taxes—Law of 1885—Sale of lands assessed prior to passage of act—Constitutional law.*

This case is ruled by *Humphrey v. Auditor General*, 70 Mich. 292, and *Hall v. Perry*, 72 Id. 202, in which it is held that sales for delinquent taxes assessed under the 1882 tax law could not be made under the law of 1885, which was prospective only in its operation.

Case made from Jackson. (Gridley, J.) Submitted on briefs June 15, 1888. Decided November 1, 1888.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James W. Blakely*, for appellant.

*Grove H. Wolcott*, for defendant.

LONG, J. This is an action of ejectment brought in the circuit court for the county of Jackson. The cause

was heard before the court without a jury, and the court found the following facts:

1. The plaintiff claims possession of the premises described in the declaration in this cause under and by virtue of a deed from the Auditor General of this State, executed by him on the 17th of November, 1886, upon a sale of the premises for delinquent taxes for the year 1882.

2. The defendant was in actual possession of the premises described in the declaration at the time of the assessment of said taxes for the year 1882, at the time of the execution of said deed, and also at the commencement of this suit.

3. The premises so deeded were sold under Act No. 153, entitled "An act to provide for the assessment of property, and the levy and collection of taxes thereon," approved June 9, 1885; the same being one of the public acts of the State of Michigan.

Upon which facts the said court did on the 31st day of December, 1887, file the following conclusion of law, to wit:

"The conclusion of law upon the foregoing finding of facts is that the plaintiff cannot recover, and that defendant is entitled to judgment of not guilty of withholding the possession of the premises mentioned in the declaration in this cause, and that he should recover his costs, to be taxed.

"G. T. GRIDLEY, Circuit Judge."

Exceptions were filed by the plaintiff to such findings, and judgment was thereafter entered in the cause for the defendant, in accordance with the findings, and plaintiff brings the case into this Court.

The trial court is correct in its conclusions of law. Substantially the same question was raised in *Humphrey v. Auditor General*, 70 Mich. 292 (38 N. W. Rep. 214), and again in *Hall v. Perry*, 72 Id. 202 (40 N. W. Rep. 324), in which it was held that sales for delinquent taxes assessed under the law of 1882 could not be made under

the law of 1885, as the law of 1885 was not retroactive. The present case must be ruled by those cases.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.