HENRY W. SAGE v. WILLIAM C. STEVENS, AUDITOR
GENERAL, ET AL.

*Taxes—Assessment under law of 1882—Lien—Sale—Board of super-
visors—Highways—Certificate of clerk as to taxes to be
raised—Jurisdiction of supervisor.*

1. Taxes for 1882 and 1883, properly assessed under the tax law of
1882, became a lien upon the land, which lien could be enforced
under the tax law of 1885 *after* the tax law of 1887 took
effect, but the assessment is governed by the law of 1882.

2. The board of supervisors have no power to raise, as a part of
the county tax, money to be expended generally upon the
highways in a township.

3. A supervisor can only assess such taxes as are properly certi-
fied to him by the township clerk for assessment, unless evi-
denced by other proper official action, and such as the law
makes it his duty to assess without such clerk's certificate.[1]

Appeal from Ogemaw.    (Tuttle, J.)    Argued October
5, 1888.    Decided November 28, 1888.

Bill to restrain the sale of land for taxes.    Defendants
all appeal except the Auditor General.    Decree reversed,
and one entered against complainant in accordance with
the opinion.    The facts are stated in the opinion.

*Shepard & Lyon,* for complainant.

*De Vere Hall (Isaac Marston,* of counsel), for defend-
ants.

SHERWOOD, C. J.    The bill in this case is filed to
restrain the sale of certain land owned by complainant
at the annual tax sale in 1885 for the taxes assessed
against it in 1882 and 1883, and to set aside such assess-
ments as illegal and void.    Upon the hearing of the cause

---

[1] See *Iron Co. v. Crystal Falls,* 60 Mich. 511 (head-note 4).

in the Ogemaw circuit, the circuit judge made a decree restraining such sale, and set aside the assessments. All the defendants appeal to this Court, except the Auditor General. All the proofs are before us upon a case settled by the circuit judge.

The assessments were all made under the law of 1882, and the county treasurer, under the direction of the Auditor General, proceeded to sell the complainant's property under the law of 1885. Just before the sale would have occurred, the complainant filed his bill, and enjoined the collection of the entire taxes for the years 1882 and 1883. The suit is in equity, and complainant relies upon the justice of his case; and while he asks that the entire tax of which he complains may be decreed void, and his lands clouded by the proceedings taken against it may be released therefrom, he avows himself ready and willing to make payment of any part thereof which may be found legal and just.

The fraud charged in the bill upon the supervisor defendants we do not think is sustained.

We have discovered nothing in the assessment of the State taxes against complainant's land rendering the same invalid.

It is true, under the law of 1882, the assessment could be made, but the collection of the taxes could not be enforced by reason of the defective provisions of the act, under our holding, and the provisions of the law of 1885 could not be made to apply for such purpose because its provisions were all prospective. *Humphrey v. Auditor General*, 70 Mich. 292 (38 N. W. Rep. 214).

This infirmity, however, was remedied by Act No. 17, Laws of 1887. The assessment became a lien against the land, if properly made, under the law of 1882, and, if proceedings were taken to enforce collection under the law of 1885, since the law of 1887 took effect, they were

properly taken, and, if prosecuted in accordance with the statutes of 1885 and 1887, the lien could be lawfully enforced against the land under those statutes. The assessment, however, will be governed by the law of 1882.

At the time appointed for the sale which was enjoined, and at the time this suit was commenced, there was no valid law under which collection could be enforced, and the decree enjoining the same was properly made, and, had it stopped there, further discussion would have been unnecessary, and an affirmance would have been all that is needed to dispose of the case in this Court; but it was also decreed by the circuit judge that the *lien* created by the assessment against complainant's property was also void, and the decree entirely discharges the complainant's land from the assessment. This should not have been done, unless the assessment proceedings were found so far irregular and defective as to render them void. As we have already said, this does not appear as to the State tax, the amount of which complainant can without difficulty ascertain, and should have done so as soon as the assessment roll was completed, to occupy the equitable position he assumes in the case.

As to the county taxes, there is more question. The board of supervisors of the county, in each of the years 1882 and 1883, ordered $1,000 to be raised as part of the county taxes, to be expended upon the highways in the township. The statute of 1882, under which these several amounts were voted by the supervisors in each of said years, provided that the supervisors, at their annual session in October in each year, should determine the—

" Amount of money to be raised for county purposes, and apportion the same  *  *  *  among the several townships in the county in proportion to the valuation of the taxable property therein."

It does not appear that this money was voted to be

raised for any county purpose, or for any purpose for which the county might raise money. It was therefore unauthorized, and the complainant should be relieved from the payment of any portion thereof.

Section 23 of the tax law of 1882 requires the township clerk of each township to make and deliver to the supervisor of his township a certified copy of all statements and certificates on file, and of all records of any vote or resolution in his office, on or before the 1st day of October in each year, authorizing or directing moneys to be raised therein by taxation for township, school, or highway purposes, together with the aggregate amount thereof; and the supervisor is directed to deliver the same to the clerk of the board of supervisors of the county on or before the second Monday of the same month; and the county clerk is required to lay the same before the board at its annual meeting.

Certificates were made by the clerk of each of the defendant townships, in which it is stated that such copy is true and correct of all statements on file or of record in the office of the clerk, of moneys proposed to be raised in the township for all purposes, including school, township, and highway taxes. The supervisor can only assess such taxes as are properly certified to him by the clerk for such assessment, unless evidenced by other proper official action, and such other as the law makes it his duty to assess without such certificate by the clerk.

We find none of the highway taxes for either of the years 1882 and 1883 properly certified to the supervisors of the several townships, or by the clerk of the county to the board of supervisors for their action, and no proper action taken by such board warranting the extension of such taxes upon the assessment roll of either of such townships against the lands of complainant; and he is

72 MICH. 41.

entitled to relief against these to the amount of such assessments.

The decree rendered in the case at the circuit should be set aside, and decree must be entered against the complainant in conformity with the views herein expressed for the amount of the taxes assessed, less the illegal portions mentioned, and execution will be allowed to issue against the complainant therefor, without costs, and, until paid, the amount will be allowed to remain a lien upon the property.

The other Justices concurred.