## COOPER, ADMINISTRATOR, v. MURPHY ET AL.

[No. 4,963. Filed December 15, 1904. Rehearing denied June 28, 1905. Transfer denied October 12, 1905.]

APPEAL AND ERROR.—*Quieting Title.*—*Tax Liens.*—*Death of Party after Judgment.* — *Survival.* — *Statutes.* — Under §648 Burns 1901, §636 R. S. 1881, providing that in case of the death of a party after judgment an appeal may be taken by the person in whose favor the action might have been revived if death had occurred before judgment, and §282 Burns 1901, §281 R. S. 1881, providing that where actions survive they may be commenced by the representatives to whom the interest in the subject-matter passes, the personal representative of a decedent can not appeal in an action wherein decedent sued to quiet title and for the enforcement of a lien for taxes due under an invalid tax sale, since by statute (§§8632, 8641 Burns 1901, Acts 1901,

p. 366, §§1, 3, and §§2634 Burns 1901, Acts 1891, p. 199, §216) the lien of the State for taxes is transferred to and vested in the grantee, his heirs and assigns, and the claim therefor is a lien upon the lands.

From Grant Superior Court; *B. F. Harness,* Judge.

Suit by Charles Johnson against Laura Murphy and another. From a decree for defendants, Charles M. Cooper as administrator of said plaintiff's estate appeals. *Appeal dismissed.*

*Oglebay & Oglebay,* for appellant.

*Custer & Cline,* for appellees.

BLACK, J.—Suit was brought by Charles Johnson against Laura ·Murphy and Miles E. Murphy, the complaint being in two paragraphs. In the amended first paragraph it was, in substance, stated that the defendants are husband and wife; that January 29, 1900, Ethan A. Huffman, acting as attorney in fact for the plaintiff, conveyed by quitclaim deed to the defendant Laura Murphy certain real estate, described, in the city of Marion, Grant county, Indiana, for the consideration of $135, which deed was not delivered until in February, 1900, and it has never been placed on record; that it was executed and said money was paid and accepted under a mutual mistake of fact, in that the plaintiff's only interest or title in the real estate was by virtue of a tax deed duly executed to him by the auditor of that county, and duly recorded in, etc., April 15, 1896, the consideration therefor being $59.66, when in truth and in fact the plaintiff on January 29, 1900, held an additional tax deed on the premises for $59.85, duly executed by said auditor September 1, 1898, and duly recorded in, etc., September 15, 1898; and he also, on January 29, 1900, held a tax certificate of purchase, duly issued to him for purchase of the real estate at county sale of said county for delinquent taxes, 1898, for $51.58, and he also at the same time held a certificate of purchase of the real estate, duly issued to him for purchase at city of Marion sale, 1898, for

$96.53; that February 2, 1900, "the plaintiff paid thereon the city taxes to the amount of $77.64, the same being advertised for sale in his name," and on the same day he paid the county treasurer the state and county taxes to the amount of $136, on the real estate advertised in his name— the total sum due the plaintiff January 29, 1900, being $650. It was alleged that said taxes were paid by the plaintiff February 2, 1900, without any notice or knowledge of the conveyance to appellee Laura Murphy, which was delivered afterward, and said conveyance was delivered by said Huffman without any notice whatever of the payment of said taxes as aforesaid; that immediately upon the discovery of said mistake, in the summer of 1900, the plaintiff demanded of the defendants that said mistake be corrected, and the proper amount be ascertained and paid; that the defendants admitted said mistake as alleged, and agreed to correct it, but failed and refused to correct the mistake and pay the sum so due the plaintiff; that December 14, 1901, the auditor of Grant county duly executed his deed to plaintiff for the real estate for $51.85, duly recorded in, etc., on that day before delivery; that "said deed" was delivered to defendant Laura Murphy under the mutual mistake of fact that the plaintiff had no interest in or title to said real estate, except that held by his tax deed executed March 18, 1896, as aforesaid, and that $135 was the correct amount due him under the law as penalty, interest and charges, when in truth and in fact there was due the plaintiff the sum of $700, and said deed would not have been made and delivered, or said sum of $135 accepted therefor, except for such mutual mistake. It was further alleged that there was due the plaintiff on his tax deeds and purchases and taxes since paid the sum of $1,100, and he asked that the deed executed by Huffman be set aside and held for naught, and that the plaintiff be given judgment for $1,100, or such sum as the court should ascertain to be legally due the plaintiff after deducting the $135 and

interest thereon; and that the sum be declared a lien upon the real estate, and, if not paid within thirty days after judgment, that a certified copy of the decree be issued to the sheriff, commanding him to sell the real estate to pay the plaintiff's lien, and for all other relief.

The second paragraph was in the customary short form of a complaint to quiet the plaintiff's title to the real estate, representing him as the owner thereof in fee simple.

A supplemental complaint was filed, wherein it was alleged that since the filing of the complaint, at the tax sale to be held by the county treasurer of Grant county and the city treasurer of Marion, respectively, February 2, 1902, the real estate described was advertised for sale for delinquent taxes in the plaintiff's name; that February 1, 1902, he paid the state and county taxes legally due thereon in the sum of $166.71, and paid to the city treasurer of Marion $100, the sum of the taxes due and legally assessed against the real estate; and he asked that the sum so paid, together with the interest, penalty and charges thereon, be added to the sum found due him on his tax deeds and purchases and payments theretofore made, and that he have judgment for $1,200, and that the same be declared a first lien upon the real estate, and that it be ordered sold for the payment of the same, and for all other proper relief.

No answer appears to have been filed, but it was agreed that all matters of defense might be given under general denial. Upon trial by the court there was a general finding for the appellees. The plaintiff's motion for a new trial was overruled, and judgment was thereupon rendered November 1, 1902, that the plaintiff take nothing by his action, and that the defendants recover of him their costs.

The assignment of errors is made by "Charles M. Cooper, as administrator with the will annexed of the estate of Charles Johnson, deceased, appellant."

The appellees have moved to dismiss the appeal, showing here that the plaintiff died testate between the rendition of

the judgment and the bringing of the appeal, devising all his real estate to Nellie Cooper. It is provided by §648 Burns 1901, §636 R. S. 1881, that in case of the death of any or all the parties to a judgment before an appeal is taken an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived if death had occurred before judgment. By §282 Burns 1901, §281 R. S. 1881, it is provided that in all cases where actions survive they may be commenced by or against the representatives of the deceased to whom the interest in the subject-matter of the action has passed.

There is some contention between counsel as to the character of the action. One paragraph of the complaint presented a cause of action for the quieting of the title of the plaintiff. Upon his death the right of action would be in the real party in interest, the person to whom the title under cloud has passed, the heir or devisee. It is claimed by counsel for the appellant that the evidence, the sufficiency of which is attacked on appeal, showed the action to be one for the recovery of money, and to enforce a lien therefor upon real estate. The action was not, under either paragraph of the complaint, one to recover a personal judgment against the defendants upon their promise or agreement, express or implied, or because of their wrongful act or omission. The true purpose would seem to have been to enforce a lien upon real estate in favor of the plaintiff for amounts accruing to him through the purchase by him at tax sales of the real estate of the defendant Laura Murphy, and the conveyance thereunder, invalid and ineffectual to convey title, and the subsequent payment of taxes by him to protect his interest so acquired.

If a conveyance for taxes does not convey title, but does transfer the lien of the State, such lien is "transferred to and vested in the grantee, his heirs and assigns," who are entitled to recover the amount of the taxes, interest and

penalty due at the time of the sale, with interest thereon and all taxes subsequently paid, with interest, and the claim therefor is a lien upon the lands which are bound for the final payment thereof. See §§8632, 8641 Burns 1901, Acts 1901, p. 366, §§1, 3; §8634 Burns 1901, Acts 1891, p. 199, §216. The right of action in such cases, if it exists, is one created by statute. In *Stephenson* v. *Martin* (1882), 84 Ind. 160, the subject was discussed at length, and it was held, under similar statutory provisions, that the right to sue and enforce a lien upon the death of the purchaser belongs to his heirs or assigns, and not to his personal representative. Provision is made by statute (§8640 Burns 1901, Acts 1901, p. 366, §2) for the development of a suit to quiet title, brought by the holder of an invalid tax deed, into a proceeding for the enforcement of payment of the amount due the complainant by the foreclosure of his lien therefor upon the land. Treating the cause as developed upon the trial, it is manifest that it was not one which would survive to the personal representative of the plaintiff.

Appeal dismissed.